JOHN B. MANNING, Appellant, v. ISAAC C. OGDEN, Respondent, Impleaded with Others.

*Real estate and chattel mortgages — what are fixtures and movables — injunction.*

In an action brought to foreclose a real estate mortgage upon apartment houses, the plaintiff applied for a temporary injunction to restrain a mortgagee holding a chattel mortgage on the gas fixtures, ranges, carpets, hot water boilers, sinks, washtubs, radiators and curtain poles in the mortgaged houses from removing the same, on the ground that the articles included in the chattel mortgage were fixtures and not movables.

*Held*, that the carpets and curtain poles, and the gas fixtures with their attachments were beyond question movables, and that their removal should not be restrained.

That whether the ranges, hot water boilers, sinks and washtubs were fixtures or movables, as between the holder of the real estate mortgage and the holder of the chattel mortgage, depended upon when and how the articles were attached to the houses, and that their removal should be temporarily restrained in order that the question might be disposed of after the trial of the issue.

APPEAL by the plaintiff, John B. Manning, from an order of the Supreme Court, made at the New York Special Term at Chambers, and entered in the office of the clerk of the city and county of New York on the 8th day of May, 1893, denying the plaintiff's motion for a temporary injunction restraining the defendant, Isaac C. Ogden, from selling or removing, or in any manner interfering with certain gas fixtures, ranges, etc.

*Rabe & Kellar*, for the appellant.

*Charles De Hart Brower* for the respondent.

PER CURIAM:

August 2, 1892, Eliza Beaudet and Homer J. Beaudet executed a bond to the plaintiff whereby they bound themselves to pay $28,000, and as collateral thereto they executed on the same day a mortgage to the plaintiff on two apartment houses, which mortgage

was duly recorded on the day of its date. Afterwards the mortgagor conveyed the premises subject to the mortgage to William D. Hotchkiss by a deed which was duly recorded November 2, 1892. On the 1st day of September, 1892, Hotchkiss conveyed the premises subject to said mortgage to James H. Marr by a deed dated that day, which was recorded November 2, 1892. January 23, 1893, James H. Marr, to secure payment of $1,830, executed to Isaac C. Ogden, defendant, a chattel mortgage on the gas fixtures, ranges, carpets, hot water boilers, sinks, washtubs, radiators and curtain poles contained in the apartment houses.

This action was begun April 1, 1893, for the collection of the $28,000 secured by the bond, and for the foreclosure of the collateral mortgage ; the grantors and grantees in the conveyances mentioned, are parties to this action, except James H. Marr, who was made a defendant, but has since died. The question involved in this appeal is, whether the articles included in the chattel mortgage are fixtures or movables. Beyond question, the carpets and curtain poles are movables, and so are the gas fixtures, with their attachments. (*McKeage* v. *Hanover Fire Ins. Co.*, 81 N. Y. 38; *Shaw* v. *Lenke*, 1 Daly, 487.)

The rule declared in the cases cited, has not received the sanction of courts in some jurisdictions. (*Fratt* v. *Whittier*, 58 Cal. 120; *Sewell* v. *Angerstein*, 18 L. T. Rep. [N. S.] 300; *Johnson* v. *Wiseman*, 4 Metc. [Ky.] 357; *Hays* v. *Doane*, 3 Stockton, 84.)

Whether the ranges, hot water boilers, sinks and washtubs are fixtures or movables, as between the holder of the real estate mortgage and the chattel mortgagee, depends upon when and how the articles were attached to the houses. Often a particular article may be so attached to and used in connection with the realty, as to become a fixture, and pass with the realty as between vendor and vendee, or as between mortgagor and mortgagee, but in other cases they may be so used as not to pass with the realty. Each case must depend upon its own peculiar facts. We regard the question involved an important one, and it should not be determined upon affidavits, but left to be disposed of after the trial of the issue. Should the evidence justify the holding that these articles are a part of the realty, the damage to it by their removal would be great, and we think the Special Term erred in refusing to restrain, during the liti-

gation, the removal of these articles, and that part of the order should be reversed, and a temporary injunction granted, restraining the defendant, Ogden, from removing from the premises the hot water boilers, sinks, washtubs and radiators, and, as modified, the order should be affirmed, without costs to either party.

Present — Van Brunt, P. J., Follett and Parker, JJ.

Order modified, as directed in opinion, and, as modified, affirmed, without costs to either party.