## C. D. SHAMBURGER LUMBER CO., Inc., v. BREDTHAUER et ux.

### No. 12750.

Court of Civil Appeals of Texas. Fort Worth.

May 13, 1933.

Rehearing Denied June 17, 1933.

E. G. Thornton, of Olney, for appellant.

McFarlane & McFarlane, of Graham, for appellees.

DUNKLIN, Justice.

H. F. Bredthauer and wife recovered a judgment against C. D. Shamburger Lumber Company for damages claimed as the result of an alleged conversion by the defendant of a bakery oven, and the defendant has appealed.

The evidence showed that plaintiffs had purchased a lot in the town of Olney for the purpose of conducting thereon a bakery business, and at the rear end of the main building in which they sold their products they erected a shed, attached to the main building, and in which the oven was housed. They used the oven in connection with their business for some 3½ years, when they were dispossessed by the defendant holding title under execution sale on a judgment foreclosing a mechanic's lien on the lot. After such foreclosure sale the lumber company denied plaintiffs the right to remove the oven and thereupon the suit was instituted.

The mechanic's lien that was foreclosed in favor of the lumber company was executed by the plaintiff after he had purchased the lot, and the lien included material furnished by the lumber company with which to erect the bakery building. A concrete foundation was built for the oven inside the shed, and the oven was then moved from another loca-

tion and placed on that foundation after the mechanic's lien had been executed. The flues in the oven as originally constructed burned out and were replaced with brick, cement, and fire clay weighing some 2,000 pounds. The oven without such brick work weighed 6,000 pounds. There was an opening in the wall of the main building leading into the shed that housed the oven 10x12 feet in size. The evidence further showed that in order to remove the oven it would be necessary to tear out one wall of the shed which housed it and then to close up the opening in the wall of the main building which had been left for access to the shed.

The defense urged consisted of a claim made that the oven had become a part of the realty and therefore title thereto had passed to the defendant under the foreclosure sale.

■ In order to sustain the recovery sought by them, the burden was upon the plaintiffs to allege and prove that the oven was a removable fixture and did not become a part of the realty. The only issue submitted by the court to the jury touching that claim was issue No. 1, reading as follows: "Do you find from a preponderance of the evidence that at the time the oven in question was placed in the building in question, that the plaintiff intended to leave it there permanently?" To which the jury answered: "No."

■ It seems clear to us that the finding of the jury would not be sufficient to sustain a judgment for the damages sought.

■ As pointed out in 19 Texas Jurisprudence, p. 707, there is no general rule for definitely determining whether or not certain property is a fixture, but that certain tests enumerated are helpful, namely: "(1). Has there been a real or constructive annexation of the article in question to the realty; (2) was there a fitness or adaptation of such article to the uses or purposes of the realty with which it is connected; (3) was it the intention of the party making the annexation that the chattel should become a permanent accession to the freehold?"

■ And on page 708 of the same volume the following is said: "Of the above-mentioned tests for determining whether or not a chattel has become a fixture, preeminence is given to the one that concerns the intention to make the thing a permanent accession to the freehold; the other tests are of value chiefly as evidence of this intention. To be effective, the intention to make a chattel a permanent annexation must appear affirmatively and plainly. The intention which controls is not a secret intention but that which either expressly was declared or which has become apparent from acts, declarations and purposes to be served."

See Citizens' National Bank v. Elk Manufacturing Co. (Tex. Com. App.) 29 S.W.(2d) 1062.

In 19 Texas Jurisprudence, p. 713, the following is said:

"An important factor to be considered in determining the status of property affixed to the realty is its removability. Thus in numerous cases various classes of things have been held to be fixtures where they were so annexed to the realty that they could not be detached without damage to the freehold, or without destroying the usefulness of the property to which they were annexed. Conversely, other cases hold that the things affixed retain their character as personalty where they can be removed without injury to the realty or to themselves, or where the realty would be only slightly damaged.

"Expert testimony as to removability is admissible in accordance with settled rules."

Also the following on page 714: "As appears from the second of the tests above mentioned, the purpose or use for which the annexation was made is to be considered, and property may take character as personalty or realty from its relation to the land to which it is attached. Thus an improvement may be a fixture if it is adaptable, appropriate or necessary to the purposes of the realty to which it has been attached, because of the nature of its dedication and use, or if it has become an accessory necessary to the enjoyment of the freehold. The foregoing rules frequently have been applied with respect to machinery which has been installed and has become an integral part of a plant or factory and which is specially adapted for the use or purpose to which it has been put. On the other hand, where it appears that there was a manifest intention to use the article in some employment distinct from that of the occupant of the realty the improvement may be regarded as personalty."

And the following on page 737: "As between a mortgagor and mortgagee of realty, in the absence of an agreement to the contrary, things that have been so affixed to the realty as to have become a part thereof, being fixtures, pass with the land upon a transfer of ownership of the land by mortgage, even though not expressly mentioned in the instrument. The reason for this rule is that improvements made by a mortgagor ordinarily are made to enhance the value of the estate and are presumed to be permanent. However, as between the parties to a mortgage the character of property affixed to the realty may be fixed by contract."

■ In plaintiff's pleadings it was expressly alleged that the oven in controversy was removable from the premises without injury to the buildings, thus recognizing that as

one of the essential tests. And it is our conclusion that plaintiff's secret intention that the oven should not become a fixture cannot be given controlling effect, in the determination of that issue, in face of all the facts and circumstances in evidence, including the fact that plaintiff purchased and improved the property for the sole purpose of conducting a bakery; the fact that the oven was one of the necessities of the business and had been so used for more than 3½ years; and that it could not be removed without a destruction of one of the walls of the shed in which it was installed, and also the brick flue which was permanent in character and a necessary incident. Furthermore, the shed, which housed the oven and was attached to the main building in the manner indicated and constituting a part of the structure designed and used solely for the conduct of plaintiff's bakery business, was a part of the realty as much so as the main building in which the general management and conduct of the business was transacted.

■ Special issue No. 4 submitted to the jury, with its answer thereto, reads as follows: "From a preponderance of the evidence, what was the reasonable cash intrinsic value of the baker's oven in question in Olney, Texas, on the 15th day of August, 1931? Answer: $250.00."

Defendant objected to that issue on the ground that the inquiry should have been confined to the intrinsic value of the oven after its removal from the building. We sustain the assignment based upon that objection, since, without the limitation embodied in the objection, the jury might have determined the value of the oven for bakery purposes as though that business should be continued on the premises. Clayton v. Phillipp (Tex. Civ. App.) 159 S. W. 117.

■ But there was no error in permitting plaintiff to testify that at the time the oven was placed in the building it was his intention to remove it at some future time. Even though his secret intention would not be of controlling force under the facts already related, yet his testimony was admissible as one of the circumstances in determining the issue.

The mechanic's lien executed by the plaintiff in favor of defendant, and which was foreclosed, contained a general warranty of title. Defendant purchased the lot under a foreclosure of that lien, and plaintiffs are now estopped from asserting that defendant acquired no title under the foreclosure; hence appellee's cross-assignment of error presenting that contention is overruled. Millican v. McNeill, 102 Tex. 189, 114 S. W. 106, 21 L. R. A. (N. S.) 60, 132 Am. St. Rep. 863, 20 Ann. Cas. 74, and decisions there cited; 21 C. J. p. 1067, § 26.

No assignment has been presented here to the award of special damages of $250 in addition to the value of the oven, and in view of a reversal of the judgment we deem it proper to note that we do not undertake to determine whether or not such special damages are recoverable under the same pleadings and evidence.

For the reasons noted the judgment of the trial court is reversed, and the cause is remanded.

### On Motion for Rehearing.

■ Appellee cites evidence to show that title to the land upon which his bakery was constructed was in the town of Olney because the land was a part of a public street of that town when the bakery was built and still is, and in that connection he invokes the rule announced in numerous authorities that title to realty will not pass by estoppel, based on a warranty of title, if the person against whom estoppel is invoked does not own title at the time of such warranty and does not thereafter acquire title. Among authorities cited are Chace v. Gregg, 88 Tex. 552, 32 S. W. 520; 21 C. J. 1101, § 94. Those authorities have no proper application here. This is not a suit in trespass to try title, and whether or not appellant acquired a valid title as against the town of Olney, who was not a party to this suit, was not an issue in the case. Having warrantied title to the lot when he executed the lien for material furnished for improvements on the realty and under which appellant purchased the lot, appellee is estopped to assert any claim in derogation of his warranty.

■ We quote the following from 21 C. J. p. 1067, § 26: "A person who assumes to convey an estate by deed is estopped, as against the grantee, to assert anything in derogation of the deed. He will not be heard for the purpose of defeating the title of the grantee, to say that at the time of the conveyance he had no title, or that none passed by the deed, nor can he deny to the deed its full operation and effect as a conveyance." Also from page 1068, § 27: "Conforming to the general rule a mortgagor is estopped to assert anything in derogation of the rights which the instrument purports to convey, as that he had no title at the time of executing the mortgage, that there is an outstanding title in a third person, that the estate mortgaged was other or less than an estate in fee simple, that the instrument was defectively executed, or that the instrument, although running to the mortgagee, was in fact the property of a firm to which the mortgagee belonged."

The motion for rehearing is overruled.