CRABB et al. v. KEYSTONE PIPE &
SUPPLY CO.

No. 5585.

Court of Civil Appeals of Texas. Amarillo.

Jan. 17, 1944.

Rehearing Denied Feb. 14, 1944.

Hill & Adkins, of Shamrock, for appellants R. C. Crabb and others.

Don Emery and Rayburn L. Foster, both of Bartlesville, Okl., and E. H. Foster and Robt. B. Burgess, both of Amarillo, for appellant Phillips Petroleum Co.

Brannan & Tipps, of Wichita Falls, for appellant Christie-Hickman Drilling Co.

Simon & Zimmerman, of Fort Worth, for appellee.

PITTS, Chief Justice.

Appellee, Keystone Pipe & Supply Company of Texas, filed suit against appellants, R. C. Crabb, Christie-Hickman Drilling Company, Phillips Petroleum Company, Frank Rasor, Mrs. Hugh Russell, J. A. Mead, trustee, and a number of others who did not appeal, seeking judgment on several notes and foreclosure of liens on certain strings of pipe or casing used on five different oil and gas leases in Wheeler County, Texas, described as Massey No. 1 Lease, Massey No. 2 Lease, Williams Lease, Johnson Lease and Major Lease. Appellee claimed a chattel mortgage lien on strings of pipe being used in producing gas wells on all of the said leases but the Major Lease is not involved in this appeal.

The record discloses that three strings of pipe involved in this suit were delivered by appellee to Cub Oil Company, a defendant in this suit, who executed promissory notes for the purchase price and to secure the notes entered into rental agreements executed and filed for record in the chattel mortgage records of Wheeler County, Texas, in the summer of 1935; that the other two strings of pipe were sold and delivered by appellee to the said Cub Oil Company, who executed promissory notes for the purchase price of same and secured said notes by chattel mortgage liens in December, 1935 and filed for record in the chattel mortgage records in Wheeler County, Texas, one on December 19, 1935 and the other on February 1, 1936; and that the said notes and rental agreements, which are treated as chattel mortgages, and the said chattel mortgages were executed before the delivery of the casing in question to the Cub Oil Company; and that said notes and mortgages had all been

renewed and extended by the said Cub Oil Company at various times, the last renewal agreement having been executed on November 1, 1939.

The record further discloses that appellants Crabb and Phillips Petroleum Company each became interested in Massey No. 1 and Massey No. 2 Leases and appellant Christie-Hickman Drilling Company became interested in Johnson and Williams Leases by valid assignments executed by the said Cub Oil Company and that appellants Frank Rasor, Mrs. H. Russell and J. A. Mead, trustee, each owned an undivided working interest in the Williams Lease and that the rights of each of said appellants were fixed before the respective wells on said leases were drilled. The record further discloses that the primary terms of each of the said leases in question had expired and that each of said leases was being kept alive only by the production of gas from them; that appellants had an interest in the proceeds from said production; that the pulling of the casing from the wells on said leases would necessitate the plugging of said wells and that appellants sought, in case of a judgment for appellee foreclosing its liens on said casing, to keep said casing intact in the respective wells and to keep it from being pulled from said wells until they, respectively, had received the balance of their production payments or until the said wells should cease to produce, whichever occurred the sooner.

The case was heard without a jury by the trial court, who found that the Cub Oil Company had been previously adjudged a bankrupt and discharged of its individual liabilities on said indebtedness but that appellee was entitled to a foreclosure of its liens to the extent of the debts determined by the judgment, and who rendered judgment for appellee for a foreclosure on the respective chattel mortgage liens on the casing in question to the extent of the indebtedness evidenced by the said notes and the said chattel mortgage liens, and directed that an order of sale should issue to the sheriff or constable of Wheeler County, Texas, to seize and sell the personal property described and particularly the casing in question to satisfy the said judgment. The trial court in his said judgment dismissed the pleas of appellants for affirmative relief to prevent and enjoin appellee or any purchaser under the judgment from pulling the said casing from any producing well or wells on the ground that such prayers and pleas of appellants for such relief were premature and same were dismissed without prejudice to any rights they may have to bring an action or actions for such relief in the event they should be entitled to same. From such judgment above named appellants perfected their appeals to this court and filed a joint brief since they have common defenses.

Appellants predicate their appeal on five points charging that the trial court erred in decreeing any foreclosure of chattel mortgage liens against them; that he erred in dismissing the plea of appellants for affirmative relief; that he erred in failing to restrict the rights of the purchasers at sheriff's sale under judgment from pulling the casing from the wells until the cessation of production or until appellants' interests had been liquidated; that he erred in holding that appellants' pleas for affirmative relief were prematurely brought and that he erred in not limiting his order of sale to hold the casing in the producing wells until appellants' rights were liquidated because appellee had waived its right to have said casing removed from producing wells since it had knowledge when it furnished the casing of the purpose for which said casing was to be used and knew same could not be removed without destroying the producing wells and that it knew of the assignments of the interests to appellants. The last four points being so closely related, appellants present them jointly.

Appellants seem to contend in point one that appellee should be denied the right of foreclosure of its chattel mortgage lien on the casing in question because said casing had been placed in the ground and used as a producing string in gas wells and that said casing thereby lost its character as personal property and became affixed to the realty as a fixture, at least, as long as said wells were producing. However, appellants do not deny the validity of appellee's liens; they do not claim any character of title to the casing in question; and they do not deny the right of appellee to remove said casing upon cessation of production.

In the instant case appellee retained a mortgage lien on the casing in question when it was conveyed to Cub Oil Company, who assigned an interest in its leases upon which said casing was to be used, to appellants who advanced the money to drill the wells. The said assignments were made before production began with an under-

991

standing between Cub Oil Company and appellants that appellants had the right to receive a certain portion of the proceeds derived from the sale of oil and gas if, as and when produced from the lease until specified sums were received by appellants, who had not received the full amount of said sums under their said assignments.

The landowners are not parties to this suit and no one is contending that they have any interest or claim in the casing in question.

■ There is a well-recognized rule whereby personal property can lose its character as such and become a part of realty. Such is the case when it is affixed to realty in such a manner as to become a permanent part thereof and cannot be removed without materially damaging the freehold.

Appellants concede that they have been unable to find any case squarely in point with the issues raised in this case. They have cited authorities involving the questions of the rights of a lessee of an oil and gas lease to recover casing being used in producing wells as against the rights of the lessor or against adverse claimants of the leasehold estate. But there is a distinction between the rights of such a lessee, who usually operates under a contract, and the rights of a vendor of casing who has by written instrument retained a lien on said casing until it is paid for.

■ It is our conclusion that the casing in question did not become a permanent fixture to the real estate and was not a part of the realty. If it were a part of the realty it could not have belonged to appellants under the record in this case but must have belonged to the original lessor or to the owner of the land. It is our further conclusion that the casing in question was personal property when the chattel mortgages were given and remained such in so far as the rights of the parties to this law suit are concerned and we see no reason why appellee should not be permitted to foreclose its liens.

We therefore believe, under the weight of authorities, that the trial court properly held that appellee had the right to foreclose its chattel mortgage liens to the extent of the indebtedness found and appellants' point No. 1 is overruled. Wagner Supply Co. v. Bateman, 118 Tex. 498, 18 S.W.2d 1052; Armstrong v. Federal Supply Co., Tex.Civ.App., 17 S.W.2d 170; Hubert v. Collard, Tex.Civ.App., 141 S.W.2d 677, and the authorities thereunder cited.

Under appellants' points 2, 3, 4 and 5, combined in one argument, they contend that even though appellee was entitled to a foreclosure of its chattel mortgage liens, the trial court should have granted their affirmative relief and should have provided in his judgment that an order of sale should not issue until such time as appellants had received their unpaid portions of their respective production payments or until the respective wells should cease to produce and thus have prevented the pulling of the casing from the wells as a result of sheriff's sale under judgment.

■ The record discloses that appellee protected itself when it sold the casing with chattel mortgage liens that contained a reservation of title to said property to secure the payment of the purchase price and placed same of record as the law provides. It seems appellants contend that appellee waived its right to foreclose its said chattel mortgage liens because it failed to perfect a materialmen's lien within the statutory time on the entire leasehold estate, including the casing in question, foreclosing and selling same to satisfy its debt without disturbing the producing well. But it seems from the record that appellee's security and reservation of title to the casing in question until it was paid for were perfected and fixed by proper instruments properly recorded before the casing was placed in the wells and before appellants were to begin receiving their portions of revenue from the proceeds of producing wells. We fail to see wherein appellants, who do not claim any character of title to the casing in question, have established any rights superior to appellee's claims. We find no authority supporting the theory that a mortgagee cannot foreclose a chattel mortgage lien for the purchase price on casing even though it may be in use in a producing well.

It seems that the trial court concluded that appellee's rights were definite and fixed and that although appellants' chances to collect the remainder of their debts may be reduced, appellee was entitled to enforce its contractual rights and foreclose its chattel mortgage liens after a breach of the condition to pay for the casing. It also seems that the trial court found that appellants did not show themselves entitled at the time to the affirmative relief prayed for but dismissed their pleas for such af-

992

firmative relief without prejudice to any rights they may show themselves entitled to thereafter.

Under the authorities already cited and under the record in the case, we overrule appellants' points 2, 3, 4 and 5 urging affirmative relief. We also cite Clow Gasteam Heating Co. v. Hixson, Tex.Civ.App., 67 S.W.2d 619, writ dismissed, as being somewhat in point and thus persuasive although it does not involve the use of oil well casing.

It is our opinion that this case has been fairly tried with all the facts presented to the trial court, whose judgment seems to be supported by the record, and we do not feel justified in disturbing his judgment.

Finding no reversible error assigned, the judgment of the trial court is affirmed.

HEARE, J., not sitting.