

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 28, 1952

Hon. Jack Y. Hardee    Opinion No. V-1395
County Attorney
Henderson County      Re: Legality of purchasing a
Athens, Texas             computing machine and an
                         addressograph for the Tax
                         Assessor-Collector's Of-
                         fice from the county per-
Dear Sir:               manent improvement fund.

Your request for an opinion concerning the
legality of purchasing a computing machine and an ad-
dressing machine for the Tax Assessor-Collector's Of-
fice from the county permanent improvement fund, in
part, reads as follows:

"Henderson County Commissioners de-
sire to purchase a Burroughs Tax Computing
machine and an Address-O-Graph machine at a
cost of $10,000.00. These two machines are
to be used in the Tax Collector's office and
will provide a much more efficient method for
tax records and will also cut down man hours.

"There is no money in the General Fund,
however there is approximately $16,000.00 in
the Permanent Improvement fund. The Commis-
sioner's Court wants to purchase the two ma-
chines out of the Permanent Improvement fund.

"The two machines are lasting in quality
but require service with a servicing contract
after the first year.

"They are not attached to the floor or
wall, however, they are seldom ever moved
and will remain in one office at all times."

In Attorney General's Opinion No. V-808
(1949), it is stated:

"Section 9 of Article VIII of the Con-
stitution of Texas provides in part as follows:

Hon. Jack Y. Hardee, page 2   (V-1395)

"'. . . and no county, city or town shall levy more than twenty-five (25) cents for city or county purposes, and not exceeding fifteen (15) cents for roads and bridges, and not exceeding fifteen (15) cents to pay jurors, on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the Amendment September 25, 1883; and for the erection of public buildings, streets, sewers, waterworks and other permanent improvements, not to exceed twenty-five (25) cents on the one hundred dollars valuation, in any one year, and except as is in this Constitution otherwise provided; provided, however, that the Commissioners Court in any county may re-allocate the foregoing county taxes by changing the rates provided for any of the foregoing purposes by either increasing or decreasing the same, but in no event shall the total of said foregoing county taxes exceed eighty (80) cents on the one hundred dollars valuation, in any one year; . . .'

"The moneys accruing from taxes levied and collected for each of the enumerated purposes are Constitutional funds.  The immediate purpose of the above quoted provision of the Constitution is to limit the amount of taxes that may be raised for the several purposes.  It is also intended to require that any and all moneys raised by taxes for a particular purpose shall be applied to that purpose and to no other.  Ault v. Hill County, 102 Tex. 335, 116 S.W. 359 (1909); Carroll v. Williams, 109 Tex. 155, 202 S.W. 504 (1918)."

In order to answer your question, it is necessary for us to first determine whether, under the given facts, these machines, when obtained and installed by the county in the office of the Tax Assessor-Collector will become real property or retain their original status as personal property, for in Texas the law knows only these two species of property. Erwin v. Steele, 228 S.W.2d 882 (Tex. Civ. App. 1950, error ref. n.r.e.).  In that case at page 885, the Court said:

Hon. Jack Y. Hardee, page 3   (V-1395)

"In a broad and general sense 'personal property' includes everything that is the subject of ownership not coming under the denomination of real estate.  Black's Law Dictionary.  'Estate or property that is not real, consisting in general of things temporary or movable.'  Webster's New International Dictionary.

"'Tangible or corporeal property is either realty or personalty, the word "real" describing land and that which is annexed thereto, and the term "personal" having reference to chattels, evidences of debt and choses in action.'  33 Tex. Jur., p. 937, Sec. 4.

"'Although popularly the term "personal property" is used in a somewhat restricted sense to include only goods, chattels, tangible things, the subjects of personal use, in its broad sense it includes everything which is the subject of ownership not coming under the denomination of real estate.'  50 Cor. Jur., 760, sec. 36."

In Crabb v. Keystone Pipe & Supply Co., 177 S.W.2d 989 (Tex. Civ. App. 1944, error ref.), the Court said:

"There is a well-recognized rule whereby personal property can lose its character as such and become a part of realty.  Such is the case when it is affixed to realty in such a manner as to become a permanent part thereof and cannot be removed without materially damaging the freehold."

It is the established law of this State that all county expenditures lawfully authorized to be made by a county must be paid out of the county's general fund unless there is some law which makes them a charge against a special fund.  Bexar County v. Mann, 138 Tex. 93, 157 S.W.2d 134 (1941).

Under the facts submitted and the authorities heretofore cited, it is our opinion that the character of the machines which the county wants to buy is that

of personalty and will so remain when installed in the office of the County Assessor-Collector, for they will not be so affixed to the courthouse or freehold of the county as to become a permanent part thereof.  Therefore, we agree with your conclusion that the permanent improvement fund of the county may not be legally expended for the purchase of such machines.

## SUMMARY

The Permanent Improvement Fund of Henderson County may not be legally expended for the purchase of a tax computing machine and an addressograph machine for the use of the County Tax Assessor-Collector's Office when such machines will not be affixed to the courthouse or freehold of the County in such a manner as to become a permanent part thereof.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

BWB:wb;mh

PRICE DANIEL
Attorney General

By
    Bruce W. Bryant
    Assistant