[Civ. No. 16869.   First Dist., Div. Two.   Apr. 9, 1956.]

KENNETH O. PLOUGH, Appellant, v. C. ROSS PETERSEN et al., Respondents.

Mack & Jorgenson and John D. Jorgenson for Appellant.

Reginald G. Hearn for Respondents.

NOURSE, P. J.—Plaintiff, the beneficiary under a deed of trust on a residence then owned by the defendants Petersen, bought it at the foreclosure sale.   He sued to recover certain articles which defendants had removed from the premises. He appeals from that part of the judgment which denied him the recovery of certain rugs, which the court found were personal property and not fixtures.   The appeal has been submitted by appellant waiving oral argument.   Although respondent has not filed any brief we have concluded that the judgment must be affirmed.

■ Whether a certain object in a house is a fixture or personalty is a question of fact and various factors must be considered, such as the manner of its annexation, its adaptability to the purpose for which the realty is used, and the intention of the party making the annexation (*Knell* v. *Morris,* 39 Cal.2d 450, 456 [247 P.2d 352]).

The evidence showed that the rugs covered concrete floors. On these floors, all around the perimeter of each of the rooms involved, were affixed wooden strips from which tacks were sticking up, inclined towards the nearest wall. On these wooden strips and tacks the rugs were placed. They could be removed by just lifting them up along the walls, but some strands of wool of them remained on some of the little nails after the removal and in one place a piece of rug remained on the strip against the wall after the rug had there been cut off. The defendants transferred the rugs to another house. They had been bought on a conditional sales contract for more than $6,000 and were still being paid off. A chattel mortgage on them had been recorded prior to the execution of the deed of trust. They had not been seen by or discussed with plaintiff before said execution of the deed. Defendant Petersen testified that when he put the rugs down in the house he intended to leave them there during the period of their usefulness.

Whether under the above evidence the rugs were fixtures or personalty may be subject to reasonable difference of opinion; hence the factual decision of the trial court is binding on us. ■ The rugs were installed in a manner which made them readily removable and they were not permanently attached by any of the means enumerated for fixtures in section 660 of the Civil Code. Although this test in itself is not considered decisive any more (*M. P. Moller, Inc.* v. *Wilson,* 8 Cal.2d 31, 37 [63 P.2d 818]) it is sometimes given more weight with respect to furniture and furnishings of private dwelling houses than with respect to other articles. (22 Cal. Jur.2d 311; 22 Am.Jur. 769.) Such can be justified by the fact that normal furniture and furnishings, although essential to the use of any dwelling house, are, if readily removable, mostly adaptable to use in many different residences, and are often used successively in different ones. It has been held that carpets were not fixtures (*Cosgrove* v. *Troescher,* 62 App. Div. 123 [70 N.Y.S. 764]; *Manning* v. *Ogden,* 70 Hun. 399 [24 N.Y.S. 70].)

With respect to the important factor of the intent of the

owner the fact that he bought the rugs on a conditional sales contract, fastened them in a manner which the court could consider intended to make them easily removable and granted a chattel mortgage on them causes a conflict with his testimony that he intended them to remain in place during their usefulness. The conflicts were resolved by the trial court against appellant.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.