Louis Dean RUBY et ux., Appellants,

v.

CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY, Appellee.

No. 16017.

Court of Civil Appeals of Texas.

Dallas.

June 22, 1962.

E. D. Forbes, Dallas, for appellants.

Thompson, Knight, Wright & Simmons and Jerry P. Jones, Dallas, for appellee.

DIXON, Chief Justice.

This suit was brought by appellants Louis Dean Ruby and wife, Peggy J. Ruby, against appellee Cambridge Mutual Fire Insurance Company for damages to wall-to-wall carpeting alleged by appellants to be insured under the terms of a policy issued by appellee on appellants' home.

The parties agreed on a written stipulation of facts. On September 21, 1959 damage in the amount of $232.08 caused by water was done to the wall-to-wall carpeting in appellants' home when something went wrong with a water heater resulting in water flooding portions of the house.

At the time a policy of insurance was in force and effect which, under Texas Physical Form of Loss 148, provided coverage as follows:

"Section 1

"COVERAGE: Subject to the provisions of this form and of the policy to which this form is attached including endorsements thereon, this policy insures against physical loss to the described dwelling(s), building(s), or structure(s) covered under this form.

"7. The term 'Dwelling' is defined in SECTION IV of the policy of insurance in question as follows:

"DWELLINGS: A Dwelling shall mean any building designed for occupancy by not more than two families and shall include everything which is legally a part of the dwelling, except machinery which is not used solely in the service of the dwelling. It shall also include, if not otherwise insured, materials in and adjacent to the dwelling for making alterations, extensions, and repairs thereto, and the following property belonging to the insured as building landlord but not as tenant or occupant; building, maintenance equipment and supplies; floor coverings, window shades, and furnishings of corridors and stairs; and refrigerators and stoves."

Appellants' residence is a building designed for occupancy by not more than two families. At the time in question it was appellants' residence as owner-occupant, not as a building landlord.

The carpeting was installed after the policy was issued. It was used solely in the building in the area in which it was placed and was cut to fit that area. It was stretched over the floor and held in place by pressing the carpeting over the points of small nails protruding from a "tack board". The "tack board" was a narrow strip of wood placed on the floor next to the interior walls of appellants' residence and was nailed in some manner to the floor or the floor molding of the house. Neither the carpeting in question nor the mat under it was glued or fastened to the floor or any other part of the house by any other means.

Beneath the carpeting there was a finished tile floor.

The only damage to the carpeting in question or to the appellants' residence upon

removal of the carpeting would be small nail holes in the outer edge of the carpeting where it was attached to the "tack board", and small holes in the flooring or molding of the house caused by removing the "tack board". The carpeting could be removed and used in whole or in part in another building.

On trial of the cause appellants would testify that it was their intention to make the carpeting a part of the dwelling and the only evidence appellee would introduce to controvert such testimony would be the manner in which the carpeting was laid and the circumstances surrounding the laying of the carpeting.

Upon purchasing the dwelling appellants executed a deed of trust to Fidelity Union Life Insurance Company, and a provision of the deed of trust would extend its coverage to include any wall-to-wall carpeting which was subsequently placed in the dwelling. Appellants' claim for damages for loss on building items covered by the policy includes the claim of Fidelity Union Life Insurance Company as mortgagee or trustee, if any.

The trial court concluded that to hold appellee liable under the terms of the policy it was necessary for appellants to establish by a preponderance of the evidence that the carpeting was a fixture, and that appellants failed to discharge their burden in that regard. Judgment was accordingly rendered that appellants take nothing.

In their first point on appeal appellants allege error on the part of the court in not rendering judgment on the special verdict as to the facts involved as a matter of law under the stipulation of facts.

In their argument appellants contend that the carpeting in question is a fixture, therefore under the terms of the policy must be considered "legally a part of" appellants' dwelling. With this contention we do not agree.

The exact meaning of the term fixture has never been definitely fixed. But the term has been broadly defined as "something that is personal in its nature but so annexed to realty as to have become a part of the realty." See 25 Tex.Jur.2d 392, 393, and cases there cited.

No general rule applicable to every case can be laid down for testing whether property is a fixture. A rule often applied is as follows: (1) Has there been a real or constructive annexation of the property in question to the realty? (2) Was there a fitness or adaption of the article to the uses or purposes of the realty with which it is connected? (3) Was it the intention of the party making the annexation that the chattel should become a permanent accession to the freehold? 25 Tex.Jur.2d 394, 395.

Another test frequently employed by courts in determining whether an article is a fixture is whether the article can be removed without material injury to the building. If it can be so removed it will not ordinarily be considered a fixture. Crabb v. Keystone Pipe & Supply Co., Tex.Civ.App., 177 S.W.2d 989; 25 Tex.Jur.2d 398, 399.

Applying the above tests we cannot say that the trial court erred in holding impliedly that the wall-to-wall carpeting in question did not become "legally a part of" appellants' dwelling within the meaning of the insurance policy.

We have found no Texas case directly in point, but two cases from other jurisdictions lend support to our holding. Hartford Fire Ins. Co. v. Balch, 350 P.2d 514, (Okl.1960); and Plough v. Petersen, 140 Cal.App.2d 595, 295 P.2d 549, 55 A.L.R.2d 1042, (1956).

It is to be remembered that it was stipulated as a fact that the carpeting could be removed and used in whole or in part in another building; and that the only damage to the carpeting or to the residence upon removal of the carpeting would be small nail holes in the floor or molding next to

the wall resulting from the removal of the "tack board". It was also stipulated that neither the carpet nor the mat under the carpeting was glued or plastered to the floor in any manner except as above stated. It was further stipulated that under the carpet was a finished tile floor. Thus the surface had been made complete and ready for occupancy without the necessity of any additional covering.

■ We agree with appellants that intention is ordinarily considered the most important of the tests to be applied in determining whether an article is a fixture. However the intention of a party, though established as a fact, will not always prevail in the face of undisputed physical facts to the contrary, such as the manner in which an article is or is not attached to the realty. For example ordinary chairs, tables, dishes and kitchen utensils are in a broad sense a part of the owner's dwelling, yet we cannot say they become fixtures for insurance purposes merely because their owner intended for them to be. Shamburger Lbr. Co. v. Bredthauer, Tex.Civ.App., 62 S.W.2d 603; 25 Tex.Jur.2d 401–402.

The above conclusion seems to us to be especially true in this case in view of the express provision in the policy definition of dwelling: "It shall also include the following property belonging to the insured as building landlord *but not as * * * occupant * * *.*" (emphasis ours). Then the definition names floor coverings as an item in the "following property."

■ In the instant case it cannot be said that the intention of appellants has been established. True, appellants would have testified it was their intention to make the carpeting a part of the dwelling. But they were interested parties and if they had so testified, their testimony, though uncontradicted, would not have established the fact of their intention as a matter of law. Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332, (Syl. 4); Seaboalt v. Vandaveer, Tex.Civ.App., 231 S.W.2d

665, 667. The trial court was not bound to believe the testimony of appellants, upon whom rested the burden of establishing their intention.

However, we need not rely on the above rule in regard to the uncontradicted testimony of an interested party, for in our opinion their testimony is not uncontradicted. The manner in which the carpeting was laid and the circumstances surrounding the laying seems to us to controvert the testimony of appellants in regard to their intention. Thus a fact issue was presented as to their intention.

If appellants and Fidelity Union Life Ins. Company chose to enter into a contract whereby the latter's deed of trust lien covered the carpeting, such agreement is immaterial here.

Appellants' first point on appeal is overruled.

In their second and third points appellants allege it was error on the part of the court (2) to make findings of fact not embraced in the stipulations, and (3) to draw any inference not necessarily compelled as a matter of law.

■ We see no merit in these points. Appellants are the parties who asked for findings of fact and conclusions of law. If it was error for the court to grant their motion, it was invited error and appellants may not complain about it. Smith v. Chipley, 118 Tex. 415, 16 S.W.2d 269.

Further, appellants' second and third points are vague, general and indefinite. They do not point out the particular findings or conclusions to which they object.

Moreover, the findings and conclusions made by the trial court are merely inferences of fact and conclusions of law based on the stipulated facts.

■ Anyway, the stipulations themselves furnish an adequate basis to support the judgment of the court without looking to

the written findings and conclusions filed by the court. Appellants' second and third points are overruled.

Appellee has filed a cross-point. However, we are asked to consider said cross-point only in the event of a reversal based on appellants' points of appeal. Since we have decided to affirm the judgment we shall not consider appellee's cross-point.

The judgment of the trial court is affirmed.