[Civ. No. 31426. Second Dist., Div. Three. June 12, 1968.]

HARRY LARKIN et al., Plaintiffs and Appellants, v. C. E. COWERT et al., Defendants and Respondents.

Walter H. Young for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

SHINN, J.*—The action is by Harry Larkin and Grace Larkin against C. E. Cowert and June Cowert. The complaint alleges that the defendants are indebted to the plaintiffs in the sum of $11,322.85 for carpets and drapes sold and delivered by plaintiffs to defendants. The answer is a denial. The court found that plaintiffs did not sell or deliver carpets and drapes to the defendants; there was no contract between plaintiffs and defendants; defendants did not convert any of the property of the plaintiffs; plaintiffs were not damaged; plaintiffs did not have sufficient interest to sustain an action for conversion. Judgment was for the defendants; a notice of appeal was filed on behalf of Harry Larkin and Grace Larkin.

A brief has been filed on behalf of "Plaintiffs and Appellants." The defendants have not filed a brief. There was evidence that Harry Larkin died after the action was commenced. There has been no substitution of a representative of his estate as a party plaintiff. No point was made of that fact in the trial.

Although the action was for goods sold to the defendants the case was tried without objection as one for conversion. We proceed to answer the question whether the finding that there was no conversion of the carpets and drapes was a correct one.

C. E. Cowert and June Cowert (to be referred to in the singular), owned a parcel of land in Los Angeles County. Cowert sold the land to Southland Associates and took back a trust deed of $50,000 which contained a subordination clause. Southland Associates sold the property to Larkin-McKim Enterprises, which became a joint venture, GBH, composed of Grace Larkin, Harry Larkin, William E. Larkin and Harry McKim. GBH borrowed a large sum of money from a savings and loan association upon two trust deeds and built two identical apartment houses on the property, each containing 22 apartments. Harry and Grace Larkin had loaned Larkin-McKim Enterprises $40,000, and in payment of the loan the property was conveyed to them by GBH. The property eventually was sold to Gerald L. Romanik, an attorney, who represented the defendants in the trial.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Larkin-McKim Enterprises bought draperies for $5,060 which included the cost of fixtures and installation. Hangers for the drapes were fitted to the walls at the windows and the drapes were hung on a rod and could be lifted off the hangers. GBH also bought carpets for $6,937.85. The carpets were laid on smooth concrete floors. They extended from wall to wall and rested upon wooden strips which were glued to the floor. The wooden strips contained up-ended tacks upon which the carpets were laid. All the carpets were laid in this manner and, with the drapes, were installed in the buildings when they became ready for occupancy. There was evidence that the carpets would have a useful life of six or seven years and the drapes a longer life.

Cowert foreclosed his trust deed and took possession of the buildings. He made no agreement with plaintiffs with respect to the carpets and drapes. The question was whether they were realty and passed to Cowert under the foreclosure of the trust deed or personalty, title to which remained in plaintiffs. There was evidence that when the realty was conveyed by Harry and Grace Larkin they were given a bill of sale of the carpets and drapes but no bill of sale was produced. However, it was not questioned in the trial that Harry Larkin and Grace Larkin become the owners of whatever title or interest in the carpets and drapes was possessed by GBH after they were installed.

We are of the opinion that the trial court correctly determined that the carpets and drapes became a part of the realty. Our views are essentially the same as those expressed by the Supreme Court of Oregon in *Dean Vincent, Inc.* v. *Redisco, Inc.*, 232 Ore. 170 [373 P.2d 995]. In that case wall to wall carpeting and pads had been installed on a concrete slab on the first floor of an apartment house and upon plywood floors in an upper floor. The carpeting was easily removable for use elsewhere. The court was of the opinion that the most important factor in the problem was the intention which motivated the installation. We believe that in our case it is the controlling factor.

Plaintiffs rely principally upon the case of *Plough* v. *Petersen*, 140 Cal.App.2d 595 [295 P.2d 549, 55 A.L.R.2d 1042]. In that case *Plough* had bought a residence at foreclosure; he sued the defendants for the value of carpeting they had removed from the house subsequent to the execution of the trust deed, claiming they were personal property. The trial court found they were personal property which defendants

had a right to remove. The judgment was affirmed. They had been purchased under an uncompleted conditional sale contract and had been mortgaged as chattels prior to the recording of the deed of trust. The carpets had been installed over concrete as were the carpets in the present case and they were installed in the same manner. The considerations which led to the decision of the trial court and the appellate court are absent in the present case. *Petersen* believed the carpets to be subject to the conditional sale contract and the chattel mortgage. In our case there was no conditional purchase. There was a chattel mortgage given to the savings and loan association but it did not cover carpets and drapes, which, of course, had not yet been installed. In *Plough,* even though *Petersen* testified he installed the carpets intending to use them during their usefulness, the court found that he did not intend to make them a part of the building. The reviewing court said: "Whether under the above evidence the rugs were fixtures or personalty may be subject to reasonable difference of opinion; hence the factual decision of the trial court is binding on us." (55 A.L.R.2d 1042.) *Plough* v. *Petersen, supra,* 140 Cal. App.2d 595, was distinguished on the facts in *Dean Vincent, Inc.* v. *Redisco, Inc.,* 232 Ore. 170 [373 P.2d 995]. We would readily follow the holding in *Plough* upon similar facts. But here, as in the Oregon case, the furnishings were in an apartment building, built with borrowed money which was expected to be paid from rentals of the apartments. The carpets and drapes were installed to make the apartments more rentable and such apartments are usually rented upon a term basis. There was evidence that apartments that were carpeted would rent for $25 per month more than those that were uncarpeted. It was planned, at first, to leave some of the living rooms and one of the two bedrooms in each apartment without carpeting but this plan was changed and all rooms were carpeted except the kitchens, hallways and one of two bathrooms in each apartment, all of which were covered with vinyl tile.

The manner in which the carpets were put in place was not necessarily inconsistent with an intention that they retain their character of personal property since they could have been removed easily without damage. Neither was the installation done in a manner inconsistent with an intention to make them a part of the building to remain during their usefulness. Laying them on wooden strips, as was done, was the next thing to nailing them onto the concrete floors, and

much more sensible. The manner in which the carpets were fastened down proves nothing. The question on the foregoing facts is not one of law. Where there is no agreement, no representation and no basis for an estoppel as to ownership we believe the controlling factor should be the intention with which the installation is made. The trial court could regard as significant evidence of intention whether the installation of carpets is in a private home or in a rental unit where there is necessity to attract and satisfy prospective tenants, and keep them satisfied. We cannot disagree with *Plough* v. *Petersen, supra,* 140 Cal.App.2d 595, where the carpets were in a private home nor with *Dean Vincent, Inc.* v. *Redisco, Inc., supra,* 232 Ore. 170 [373 P.2d 995], which was an apartment building case. In each case the reviewing court approved the finding of the trial court as a reasonable deduction from the evidence.

 The implied finding in our case was that the builders intended that the carpets and the drapes would remain as long as they served their purposes. It was not unreasonable for the court to reach this conclusion. Coverings for the floors and windows were deemed to be necessary in order to maintain occupancy of the apartments. The reverse of this situation would be the installation of carpets and drapes by a tenant of an apartment leased for a term with no agreement as to ownership. He would expect to remove the installations or sell them to an incoming tenant, and his intention would be the controlling factor as to ownership.

Upon the undisputed evidence we consider ourselves bound by the factual determination of the trial court.

The judgment is affirmed.

Cobey, Acting P. J., and Moss, J., concurred.

A petition for a rehearing was denied July 10, 1968, and appellants' petition for a hearing by the Supreme Court was denied August 8, 1968.