**LIFE INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**Joyce SPRADLIN, Appellee.**

No. 17644.

Court of Civil Appeals of Texas, Fort Worth.

July 11, 1975.

Rehearing Denied Sept. 12, 1975.

Thompson, Knight, Simmons & Bullion, and David S. Kidder and William T. Hankinson, Dallas, for appellant.

Dalton C. Gandy, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is a suit brought by Joyce Spradlin, appellee, to recover upon an accident insurance policy issued by the defendant, appellant, Life Insurance Company of North America. Joyce Spradlin will be referred to as the beneficiary and Life Insurance Company of North America will be referred to as LINA. The policy was in effect at the time her husband died in an airplane crash. LINA refused payment on the ground that at the time of his death, Mr. Spradlin was engaged in an activity excluded under the policy, in that he was flying in an airplane owned or operated by a person insured under the same policy.

The insurance policy insured those who may be exposed during travel and sojourn on the business of the policy holder, provided such travel·is to a point or points located outside the city of permanent assignment. The policy contained various exclusions. The beneficiary asserted that the deceased was covered by the terms of the policy and was not excluded. She further contended that the policy was ambiguous.

The beneficiary and LINA each filed a motion for summary judgment in the court below. Their motions were based upon the pleadings, the parties' answers to requests for admissions of fact, the deposition of Donald V. Long, and the subject accident insurance policy.

The trial court granted beneficiary's motion for summary judgment, on the question of liability only and overruled defendant's motion for summary judgment. Thereafter, the parties entered into a stipulation which in effect resolved all the issues in the lawsuit except the interpretation of the policy. This stipulation provided for attorney's fees and penalty in the event that the beneficiary should ultimately prevail. Thereafter, the court rendered and signed the final judgment to the effect that the beneficiary should recover the principal sum of the policy in the amount of $150,000 plus statutory penalty of $18,000, plus attorney's fees in the amount of $15,000 being the amount stipulated to by the parties.

The parties are in agreement as to the factual background of this case. This accident insurance policy was issued to Leggett & Platt, Inc. Thereafter, the policy was amended by a rider to include The Dalpak Corporation, a company wholly owned by Leggett & Platt. At the time of the fatal airplane crash, Donald V. Long was president of The Dalpak Corporation and Donald Spradlin, the deceased, was manager of that corporation.

LINA, in its brief, summarizes the deposition testimony as follows:

"Donald V. Long, an insured, owned the aircraft in which Donald Spradlin was riding on the day of his death. On November 6, 1973, the day of the crash, Donald Spradlin was traveling in Mr. Long's aircraft in pursuit of the business of The Dalpak Corporation. At the time of the crash, the plane was piloted by Mr. Long's personal pilot. Mr. Long, the president of The Dalpak Corporation, customarily charged The

Dalpak Corporation for use of the plane on company business by submitting an invoice at the close of the business journey. He did not charge the corporation for the use of the plane on this occasion due to the crash."

There is no controversy over the fact that the airplane crash occurred while the deceased was on a business trip for his employer; he was enroute to his home or place of employment at the time of the crash; he was not engaged in commutation travel and was not a pilot or crew member of the plane; the plane was operated by a certified pilot, had a current unrestricted airworthiness certificate, and was not being used for fire fighting, pipeline inspection, power line inspection, aerial photography or exploration.

LINA assigned three points of error. By the first two points of error LINA asserts that the trial court erred in concluding that the accident insurance policy in question is ambiguous because the policy plainly excludes recovery when the insured is flying in a plane, owned or operated by an insured; and that the trial court erred in concluding that the accident insurance policy is ambiguous because no reasonable interpretation favors Mrs. Spradlin's recovery. By its third point of error LINA asserts that the trial court erred in granting a summary judgment without making an attempt to resolve the ambiguity by considering extrinsic evidence.

We overrule these points of error and affirm the trial court's judgment.

The dispute in this cause of action ultimately relates to the construction of the following section of the insurance policy which is contained in "SCHEDULE II DESCRIPTION OF HAZARDS", as follows:

"The hazards against which insurance is granted under this policy are (subject to the conditions, limitations and exclusions of the Policy) All those to which an Insured may be exposed during travel and sojourn on the business of the Policyholder, provided such travel is to a point or points located outside the city of permanent assignment. The

following shall specifically qualify the above:

"(a) Coverage begins at the actual start of an anticipated trip whether it be from an insured's place of employment, his home, or other location. Coverage terminates upon his return to his home or place of employment, whichever shall first occur;

"(b) Commutation travel is excluded from coverage;

"(c) With respect to flying in aircraft, coverage shall not apply except while riding as a passenger, and not as pilot or crew member, on any transport aircraft operated by the Military Air Transport Service (MATS) of the United States of America or by the similar military air transport service of any other country; or on any civil aircraft, except one owned or operated by an Insured, a member of his household or the Policyholder, provided such covered aircraft (1) is operated by a properly certificated pilot, (2) has a current unrestricted airworthiness certificate, and (3) is not being used for fire fighting, pipeline inspection, power line inspection, aerial photography or exploration."

The question of whether an ambiguity exists in the language of a contract is a law question. *Melton v. Ranger Insurance Company*, 515 S.W.2d 371 (Fort Worth, Tex., Civ.App., 1974, ref., n. r. e.).

Exceptions and words of limitation in the nature of an exception are strictly construed against the insurer, especially if they are of uncertain import or reasonably susceptible to double construction. *Providence Washington Ins. Co. v. Proffitt*, 150 Tex. 207, 239 S.W.2d 379 (1951); *Continental Cas. Co. v. Warren*, 152 Tex. 164, 254 S.W.2d 762 (Tex.Sup., 1953). An insurance contract will be construed strictly against the insurer and liberally in favor of the insured, as applied to all provisions relating to a forfeiture of the rights of the assured and to any language in the policy regarding exceptions, warranties, and conditions, and, if said language is not clear, and is ambigu-

ous and uncertain, any doubt as to the meaning thereof will be resolved against the insurer. *American Fidelity & Casualty Co. v. Williams,* 34 S.W.2d 396 (Amarillo Tex.Civ.App., 1930, writ ref.).

Careful consideration of the rules mentioned in the preceding cases, as applied to the facts of this case, leads us to the conclusion that the trial court's judgment with respect to points 1 and 2 is correct.

Similar rules of construction were used to construe this same clause in the case of *Iowa-Des Moines Nat. Bank v. Insurance Company of North America,* 459 F.2d 650 (8th Cir., 1972). In that case LINA contended that there was only one reasonable interpretation of the policy in question, to-wit: that coverage is not provided for pilots operating company owned planes. The court disagreed and stated as follows:

". . . The plain meaning of the clause in question is not only confusing to a reasonable person standing in the shoes of the insured, but the language is admittedly confusing to the insurer as well. The syntax of the sentence structure is so befuddled that any number of meanings could be read into it. We find as one reasonable interpretation, that the passengers are covered on any aircraft; that pilots or crew members are not covered 'on any transport aircraft operated by the Military Air Transport Service (MATS) of the United States of America or by the similar military air transport service of any other country; or on any civil aircraft, *except one owned or operated by an insured.* . . .'

"We do not find this construction to be unnecessarily strained. We agree that this is not the only interpretation and that the insurer's interpretation is a reasonable one as well. . . ." (Emphasis ours.)

The court further held (at p. 656): ". . . where two reasonable interpretations exist, the one that will sustain the claim and cover the loss will be adopted over the interpretation which will defeat recovery. (Citing authorities.)" See also *Aeroline Flight Service v. Insurance Company of North America,* 257 Iowa 409, 133 N.W.2d 80, 85 (1965).

We agree with that court's analysis of this clause and the conclusion that it is susceptible of more than one interpretation, one of which favors the insured. This is an "exception", "exemption", or "exclusion" clause and under the applicable rules we find that the trial court did not err in interpreting the policy as affording coverage or concluding that the loss was not within an exception or exclusion of coverage. See also the following: *Goodson v. American Home Assurance Company,* 251 F.Supp. 125 (U.S.Dist.Ct., Eastern Dist., Tennessee, 1966); *Southwestern Life Insurance Company v. Rowsey,* 514 S.W.2d 802 (Austin Tex.Civ.App., 1974, ref., n. r. e.); *United States Fidelity & G. Co. v. Bimco Iron & M. Corp.,* 464 S.W.2d 353 (Tex.Sup., 1971); *Continental Cas. Co. v. Warren,* supra.

As mentioned, the third point relates to alleged error by the trial court in granting summary judgment without attempting to resolve the ambiguity by considering extrinsic evidence. Prior to the summary judgment hearing LINA was placed on notice by the beneficiary's pleadings that she contended that the policy was ambiguous. LINA offered no summary judgment evidence in the nature of extrinsic evidence calculated to assist the court in construing the terms of the policy. The learned trial court rendered judgment based upon the record, including the pleadings, depositions, admissions, a portion of the insurance policy, and the stipulations. The beneficiary asserts that for this reason LINA is bound by the record made in the trial court.

The general rule applicable to the facts in this case is stated in 13 Tex.Jur.2d, Sec. 110, p. 263–4 (1960 Ed.), "Construction of Contracts—Function of court and jury": "If there is no ambiguity whatever in a written contract, its construction then becomes a question of law for the trial court only. This principle also obtains where,

though there is doubt as to the meaning of a written contract, the ambiguity arises solely from the language used in the agreement and not from any extrinsic matters."

In support of its third point of error LINA relies as authority upon *Ruby v. Cambridge Mutual Fire Insurance Company,* 358 S.W.2d 943 (Dallas Tex.Civ.App., 1962, no writ hist.). In that case an insurance policy was issued covering the dwelling. The question arose as to whether or not a wall to wall carpet was a part of the dwelling or was personalty. Here, obviously, it was proper to admit evidence to determine this fact issue.

There are many cases holding that extrinsic evidence is admissible to determine whether or not an item is covered or excluded under the terms of the policy. Many of these cases involve technical terms used between merchants, custom and usage, whether or not a person was in fact a passenger or a crew member of plane, and other fact situations of similar import. None of these exceptions apply in the case at bar.

LINA calls to the court's attention that in the *Iowa-Des Moines Nat. Bank v. Insurance Company of North America,* supra, that the court submitted to the jury questions involving the ambiguity contained in the policy. Even in that case it was probably a question of law to be determined by the court. That court did not state that a fact issue was presented. It is apparent that the trial court out of an abundance of precaution submitted the issues to the jury even though it was a law question. The court concludes its opinion as follows: "The jury resolved the question of intent here. *The court was relieved of the problem.*" (Emphasis ours.)

LINA's point of error is controlled by the principle of law announced in *Continental Cas. Co. v. Warren,* supra, in which that court had before it the construction of a similar clause in an aviation life insurance policy. That court declined to pass on any fact question with regard to an ambiguity in the policy because of the long established rules concerning the construction of policies of this type. That court stated:

"But for the fact that insurance policies are governed by the special rule of construction, which is a familiar part of our jurisprudence, *we might,* indeed, hold either that the interpretation against liability of the insurer should prevail *or that, the policy being ambiguous, there is a fact issue as to what was intended. Yet the rule, of course, applies, and under it the insurer may not escape liability merely because his or its interpretation should appear to us a more likely reflection of the intent of the parties than the interpretation urged by the insured.* The latter has to be no more than one which is not itself unreasonable. *Lloyds Casualty Insurer v. McCrary,* 149 Tex. 172, 179, 229 S.W.2d 605, 609. A related or subsidiary rule is 'that exceptions and words of limitation will be strictly construed against the insurer.' *Providence Washington Ins. Co. v. Proffitt,* 150 Tex. 207, 239 S.W.2d 379, 381. For all the particular considerations reasonably indicating that the pilot is not covered, there are yet others making it not unreasonable to say that he is, and that the insurer is therefore liable." (Emphasis ours.)

Under the facts in this case it was the duty of the court to construe the meaning of the contract under the principles here discussed without the aid of extrinsic evidence.

We overrule this point.

The judgment is affirmed.