[No. 10,034.]

## THE PEOPLE v. JOHN HAGGERTY.

ARSON.—If an attempt is made to burn a house by lighting a fire, and the wood of the house is charred in a single place so as to destroy its fiber, the crime of arson is complete, even if the fire is then extinguished.

APPEAL from the Municipal Criminal Court of the City and County of San Francisco.

The defendant appealed.
The other facts are stated in the opinion.

*S. D. Woods*, for Appellant.

*John L. Love, Attorney General*, for the People.

By the COURT :

This appeal is from a judgment pronounced against the defendant after indictment and trial for the crime of arson. The fire was set in old rags, saturated with coal oil, and lying upon the floor of the house, but was quickly dis-

covered, and put out. The defendant contends that there was not a sufficient burning of the house to constitute the crime of arson, and that he could rightfully have been convicted only of an attempt to commit arson.

Upon the question of what is a sufficient burning to constitute the crime, Mr. BISHOP states the rule thus: "The word 'burn' enters into the definition of arson at common law; and it occurs in many statutes. It means to consume by fire. If the wood is blackened, but no fibers are wasted, there is no burning; yet the wood need not be in a blaze. And the burning of any part, however small, completes the offense, the same as of the whole. Thus, if the floor of the house is charred in a single place, so as to destroy any of the fibers of the wood, this is a sufficient burning in a case of arson." (Bishop on Criminal Law, Sec. 325.) There was evidence tending to show that a spot on the floor was charred, so as to destroy the fibers of the wood by the fire set by the defendant; and there was no evidence directly contradicting that fact. To some of the witnesses, it is true, the spot appeared to be only blackened, and not charred. But we cannot say that the verdict was so contrary to the evidence as to justify us in reversing the judgment on that account.

Judgment affirmed.