[No. 10,091.]

## THE PEOPLE *v.* SIMPSON.

INDICTMENT FOR ARSON AND PROOF ON TRIAL.—If a tenant commits arson, by burning the house of his landlord of which he is in possession, it is sufficient to allege in the indictment, and prove on the trial, that the landlord was the owner of the house.

PROOF ON TRIAL FOR ARSON.—On a trial for arson, for burning the house of B., it is sufficient proof that the house belonged to B. to show that the defendant was B.'s tenant, and was paying him rent.

IDEM.—Evidence that a wooden partition annexed to a building was charred by fire, and in one place burned through, is sufficient burning to constitute arson.

CONFLICT OF EVIDENCE.—In a criminal case, where the evidence is circumstantial and conflicting, the Supreme Court will not disturb the verdict of a jury.

APPEAL from the Municipal Criminal Court of the City and County of San Francisco.

The facts are stated in the opinion.

*George W. Tyler,* for the Appellant.

A man cannot commit arson by burning a house in which he has a lawful right to abide as a tenant from year to year, and from month to month. (*Rex* v. *Pedley,* 1 Leach, 4th ed. 242; 2 East P. C. 1026; *McNeal* v. *Woods,* 3 Blackford, 485; *People* v. *Gates,* 15 Wend. 159; *Commonwealth* v. *Wade,* 17

Pick. 395.)   So, also, when he is in possession under an agreement for a lease.   (*People* v. *Myres,* 20 Cal. 76.)

*Thomas P. Ryan,* for the People, argued that by the common law, except in certain cases, a tenant could not be guilty of arson, because the offense was described as the malicious and voluntary burning of the house of another, and dwelling-houses were the subject of it, and arson was a crime against the habitation, and not against the property. That the common law had been changed by statute in England (1 Victoria, Ch. 89, Sec. 3); that in the 19th N. Y. Reports, 537, *People* v. *Gates,* 15 Wend., had been overruled, the court holding that it was the intention of the Legislature to make a new definition of the offense, and that the New York statute was similar to ours; that in *Allen* v. *The State* (10 Ohio State R. 287), the same view was taken, and the Ohio statute was identical with that of California.

By the COURT:

1. The defendant was convicted of an attempt to commit the crime of arson in the burning of a dwelling-house, of which she was in occupation as a tenant of the Borels.   In the indictment, the house is alleged to have been, at the time of the burning, the property of the Borels, and the point is raised that there was a fatal variance between the proof and the indictment in this, viz., that the defendant, as a tenant in possession, is to be deemed the owner for the purposes of a prosecution of this character, and that it is not sufficient to allege the property to have been in the landlord, who was the general owner.   Whatever may have been the rule at common law, we are of opinion that, under our statute in force before the adoption of the Penal Code, if the arson be committed by a tenant in possession, it will be sufficient to allege and prove the property to have been in the landlord.   If this be not the correct interpretation of the statute, it would result that a tenant in possession of a dwelling-house might burn the property of the landlord, and be wholly exempt from a criminal prosecution therefor, unless the arson was committed to defraud an insurance

company. We are convinced that in providing that "every person who shall willfully and maliciously burn, or cause to be burned, any dwelling-house, *the property of another*, in the daytime," shall be guilty of arson, the Legislature intended to include a case of this character, where the arson was committed by a tenant in possession of the property of the landlord; and in such a case it will be sufficient to allege and prove the property to have been in the landlord.

2. There was sufficient proof to establish the ownership of the Borels. The defendant was their tenant, paying them rent for the building. This was an admission of their ownership, sufficient to support the indictment.

3. The point that there was no proof that any portion of the building was burned is not supported by the evidence. It was proved that a wooden partition in the building, and annexed to it, was charred, and in one place burned through. This was a sufficient burning to constitute arson, within the case of *The People* v. *Haggerty* (46 Cal. 354).

4. The last point is that the evidence does not support the verdict, and shows the burning to have been accidental. It will suffice to say that the evidence was conflicting and circumstantial, and it was for the jury to determine its effect.

Judgment and order denying new trial affirmed.