STATE of Utah, Plaintiff and Respondent,

v.

Michael NIELSON, Defendant and
Appellant.

No. 12049.

Supreme Court of Utah.

Sept. 28, 1970.

N. E. Hall, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Salt Lake City, Lauren N. Beasley, David S. Young, Asst. Attys. Gen., for respondent.

ELLETT, Justice.

The defendant was convicted by a jury of the crime of second-degree arson and of being an habitual criminal. Thereafter he was sentenced to serve concurrent terms in the Utah State Prison of "not less than one year and not more than ten years" for second-degree arson and "not less than fifteen years" for being an habitual criminal. See Secs. 76–6–2 and 76–1–18, U.C.A.1953. He appeals and assigns various errors which he claims were made at the trial. Those errors meriting attention may be grouped into three categories:

1. The crime of arson was not made out because no part of the building was burned.

2. The defendant was not represented by counsel at a prior conviction of one of the cases relied upon to show he was an habitual criminal.

3. An improper sentence was imposed on him for being an habitual criminal since there is no such crime.

■ He also claims that it was error for the trial court to refuse to change the place of trial to a county where the defendant was not so well known. This matter involved discretion on the part of the trial judge, and we do not discuss it further.

As to the contention that no part of the building was burned, the proof was ample to support a finding that the defendant set a fire in the Logan jail and that drapes, furniture, and so forth were consumed and that some acoustical ceiling tile was glowing red with heat, although no flames developed.

■ The law is well established that a charring of fibers of a part of a building is all that is required to constitute a burning sufficient to make the crime of arson. See cases collected in the annotation in 1 A.L.R. at page 1163. It is not necessary that the building be destroyed. Any charring is sufficient.

■ The legal question is presented as to whether acoustical tile is a part of the building. We cannot see any reason to make a distinction between a wood panel ceiling and an acoustical tile ceiling. Each is an integral part of the building. The assignments relating to the burning of the building are not well taken.

■ In that part of the trial relating to being an habitual criminal, the defendant claimed he was not represented by counsel at a prior trial for one of the crimes used to establish his status as an habitual criminal. While the present appeal was pending, the appellant petitioned for a writ of

habeas corpus in this court based upon the claim that he was not represented by counsel at the prior hearing. Since the identical questions raised by habeas corpus were then pending before us on appeal, we thought the petition was premature and denied the writ.

The minute entry made at the trial of the matter of injuring the public jail is before this court in this matter and insofar as material reads: "* * * The defendant is asked by the court whether he had employed counsel to represent him in the case; to which question the defendant replies that he had not employed any counsel and did not desire the aid of counsel." The appellant did not testify in the instant matter regarding whether he had waived counsel or not in the prior trial and made no denial of the facts as stated in the minute entry cited above. His defense now is based entirely on the minute entry which is before this court.

The writ of habeas corpus has traditionally been used to secure the release of a person from wrongful detention. In this matter the appellant has long since served his term for the crime of injuring a public jail and was at no time material herein being detained by any person. At the time of trial of the instant matter, the defendant stood convicted of two unreversed prior felonies. His status of being an habitual criminal was thus established by proof beyond a reasonable doubt.

Since being an habitual criminal is a status and not a crime, no sentence could be imposed therefor.[1]

The sentence for the crime of arson in the second degree in this case should have been for a term of not less than fifteen years in the Utah State Prison. The sentences as imposed are not proper. The matter is remanded to the trial court with instructions to pronounce the correct sentence. The judgment is otherwise affirmed.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.

---

1. Clark v. Turner, 19 Utah 2d 210, 429 P.2d 262 (1967).