[No. A025519. First Dist., Div. Five. Jan. 10, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM STEVEN MENTZER, Defendant and Appellant.

**COUNSEL**

James V. Jones for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert R. Granucci and Ann K. Jensen, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**LOW, P. J.**—Defendant William Steven Mentzer was charged with arson of a cemetery mausoleum (Pen. Code, § 451, subd. (c)); it was also alleged that defendant caused property damage in excess of $25,000 (Pen. Code, § 12022.6, subd. (a)). The court found defendant guilty of attempted arson (Pen. Code, § 455). Imposition of sentence was suspended and defendant was placed on five years probation with one year in the county jail. De-

fendant contends that the evidence is insufficient to sustain his conviction because the marble, plaster and concrete construction of the mausoleum could not be "burned" and "consumed" and therefore he cannot be guilty of attempted arson. We affirm.

On April 30, 1983, at approximately 3:30 p.m., defendant met a friend while walking through Tulocay Cemetery in Napa. After drinking six beers each within a one-half hour period, they entered the mausoleum where defendant's friend took out a lighter and lit one of the couches. Defendant testified that "for some dumb reason," he set fire to a couch too.

As a result of the fire, the damage to the mausoleum was assessed at approximately $65,000. The investigating officers testified that the damage consisted of burned couches, discoloration and "spawling" (buckling, cracking and chipping) of the marble floor and plaster walls of the mausoleum.

■ When the sufficiency of the evidence supporting a criminal conviction is challenged on appeal, "the court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].)

■ One investigating officer testified that the marble floor was destroyed by "spawling." Spawling is the disintegration of marble and concrete by heat. The court inquired, "So, if you get enough heat, even marble will burn?" The response was, "Nothing [is] fireproof. There's no fireproof material."

The second investigating officer testified that the heat from the burning couches resulted in fire damage to the structure. He, too, noted that the marble floor was broken, buckled and cracked from the heat and that the plaster walls were chipped. This is sufficient evidence of reasonable, credible value to support the conclusion that the structure was burned within the meaning of Penal Code section 451, subdivision (c) and to sustain the conviction.

Defendant argues that the facts do not conform to the definition of burning set forth in *People* v. *Haggerty* (1873) 46 Cal. 354, 355, wherein " 'burn' " means "to consume by fire." Defendant contends that marble, plaster and concrete cannot be "consumed," therefore an arson conviction on the instant facts cannot be maintained. An item is "consumed" if it is destroyed

or devastated in whole or in part by fire. If the item is ravaged or ruined by the fire, it is "consumed" though not reduced to ashes.

Defendant erroneously relies on *People* v. *Cecil* (1982) 127 Cal.App.3d 769 [179 Cal.Rptr. 736], wherein the court *rejected* Cecil's claim that he could not be held guilty of attempted arson where the act performed could not have resulted in the completed crime if carried to conclusion. (*Id.,* at p. 775.) Defendant urges a narrow reading of *Cecil* to support his "impossibility defense" because of the "nonflammable" material of the mausoleum. This argument is without merit, particularly in light of *Cecil*'s acknowledgment that "[t]he hazards of fire are considered so great that it is necessary to deter not only the crime itself but attempts accompanied by the use of flammable . . . or combustible materials, whether successful or not." (*Id.,* at p. 777.) The combustibility of the mausoleum was an issue of fact for the trial court and was supported by substantial evidence of the investigating officers.

■ Defendant also urges the lack of substantial evidence regarding specific intent for attempted arson on the ground that evidence of defendant's intoxication negated the intent. However, the record discloses substantial evidence which is "credible and of solid value" to support the court's determination of specific intent: defendant admitted that he set the couch on fire, that he knew what he was doing and intended to do so, and that he made no effort to extinguish the fire. (*People* v. *Green* (1980) 27 Cal.3d 1, 55 [164 Cal.Rptr. 1, 609 P.2d 468].)

The judgment is affirmed.

King, J., and Haning, J., concurred.