**STATE of Utah, Plaintiff and Appellee,**

v.

**Alfred William JOHNSON, Defendant and Appellant.**

**No. 880066.**

Supreme Court of Utah.

March 31, 1989.

R. Paul Van Dam and Charlene Barlow, Salt Lake City, for plaintiff and appellee.

Khris Harrold and Joan C. Watt, Salt Lake City, for defendant and appellant.

HALL, Chief Justice:

Defendant Alfred William Johnson was convicted of second degree burglary in violation of Utah Code Ann. § 76–6–202 (1978) and of being a habitual criminal in violation of Utah Code Ann. § 76–8–1001 (1978). The trial court sentenced defendant to a term of one to fifteen years for the burglary conviction and a consecutive sentence of five years to life for the habitual criminal conviction. Defendant appeals the convic-

tions and sentences. We affirm the convictions but vacate the sentences and remand for resentencing.

When John and Eleanor Sargent left their apartment for lunch, Mrs. Sargent locked the door and Mr. Sargent pulled it shut. Later, Mr. Sargent returned home and found his apartment door ajar and defendant standing in the living room near the bedroom entrance. Mr. Sargent challenged defendant, who responded that he was looking for someone else, that he had made a mistake and was in the wrong place, and that he had not taken anything. Defendant invited Mr. Sargent to search the apartment to ensure that nothing was missing. He was conciliatory and indicated that he did not want to leave until the incident was resolved. Mr. Sargent inspected his home and found nothing amiss but did notice that his wife's jewelry box was open.

The box's contents were not valuable and nothing had been taken from it. Mrs. Sargent testified, however, that the box probably had not been opened for a year and it was covered with a thick coat of dust. She discovered fingermarks in the dust, but because of the type of surface on the box, police could lift no discernible prints.

After his inspection, Mr. Sargent returned to the living room. There defendant pulled his front pockets partially out to show that he had taken nothing, but Mr. Sargent did not observe all the contents. Defendant asked if he could leave, and Mr. Sargent did not object. Upon reflection, however, Mr. Sargent concluded that he had interrupted a burglary in progress. He contacted the police, who eventually arrested defendant.

I

■ A person is guilty of burglary if he or she (1) enters or remains unlawfully in a building (2) with intent to commit a felony, theft, or assault.[1] Defendant claims that the trial court erred when it refused to grant his motion to dismiss after the State failed to prove intent, an essential element of the crime of burglary. We disagree with defendant's assumption that the State failed to prove intent. The State produced enough evidence at trial from which a reasonable jury could infer that defendant had the requisite intent to commit burglary.

The standard of review for reversing a jury conviction is narrow:

"[W]e review the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the verdict of the jury. We reverse a jury conviction for insufficient evidence only when the evidence, so viewed, is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he was convicted." *State v. Petree*, Utah, 659 P.2d 443, 444 (1983); *accord State v. McCardell*, Utah, 652 P.2d 942, 945 (1982). In reviewing the conviction, we do not substitute our judgment for that of the jury. "It is the exclusive function of the jury to weigh the evidence and to determine the credibility of the witnesses...." *State v. Lamm*, Utah, 606 P.2d 229, 231 (1980); *accord State v. Linden*, Utah, 657 P.2d 1364, 1366 (1983). So long as there is some evidence, including reasonable inferences, from which findings of all the requisite elements of the crime can reasonably be made, our inquiry stops.[2]

Intent may be difficult to prove but can be inferred.[3] In *State v. Brooks*,[4] we held that the facts of a particular case may support an inference of intent to commit burglary. We stated: "The act of entering

1. Utah Code Ann. § 76–6–202 (1978).

2. *State v. Booker*, 709 P.2d 342, 345 (Utah 1985) (citation omitted); *State v. Simmons*, 759 P.2d 1152, 1158 (Utah 1988) (Hall, C.J., concurring and dissenting).

3. *Id.; State v. Cooley*, 603 P.2d 800, 802 (Utah 1979) ("[I]ntent[ ] need not be proved by direct

evidence, and, of course, is always subject to denial by an accused. The factfinder, however, is entitled to draw all reasonable inferences from the facts and from the actions of the defendant.").

4. 631 P.2d 878 (Utah 1981).

alone does not give rise to an inference that the actor entered with the requisite intent to constitute burglary. The intent to commit a felony, theft, or assault must be proved, or circumstances shown from which the intent may reasonably be inferred."[5] In this case, sufficient facts were presented at trial from which defendant's intent to commit burglary may reasonably be inferred.

As noted at trial, the apartment door was locked when the Sargents left but was open when Mr. Sargent returned. The door was not wide open, but only ajar, as if to conceal the fact that someone was inside. Defendant was not discovered near the front door where a stranger might be expected to stay, but near the bedroom entrance. The jury may have found defendant's first words, that he had not taken anything, a curious statement for an innocent intruder to make. The facts that the dust on Mrs. Sargent's jewelry box was disturbed and that the lid was open and that the Sargents had neither disturbed the dust nor opened the lid could have led jurors to reasonably presume that defendant opened the box with the intent to commit a theft. Finally, defendant's claim that he was looking for a friend and yet his inability to provide police with a nearby address, or any address, where his friend resided could have made his story suspect in the jury's eyes. From this evidence a reasonable jury could infer that defendant had the intent necessary to convict him of burglary.

## II

■ While giving the jury a preliminary explanation of the case, the court asked counsel, "This case is entitled State of Utah, plaintiff, vs. Alfred William Johnson, Jr., defendant. Am I correct? That the trial as to both counts, am I not?" The prosecution asked to approach the bench, after which the court said, "There is one count entitled burglary, a second degree felony...." Defendant moved for mistrial and argues on appeal that the court erred

in refusing to grant his motion since the statement may have caused the jury to speculate "as to why they didn't hear anything about the second count and what that second count would be for." We are not persuaded. Assuming *arguendo* that the court's inadvertent statement was error, it was harmless error that did not entitle defendant to a new trial as it did not affect his substantial rights.

Rule 30(a) of the Utah Rules of Criminal Procedure states: "Any error, defect, irregularity or variance which does not affect the substantial rights of a party shall be disregarded." This Court's standard for dealing with nonconstitutional error is that we will not reverse a conviction unless the error is substantial and prejudicial in the sense that there is a reasonable likelihood that in its absence there would have been a more favorable result for the defendant.[6] Considering all of the circumstances in this case, there is no reasonable likelihood the result would have been different had the court not made the inadvertent statement.

First, there is no showing in the record that the jury was influenced by the statement. The jury, during its deliberations, asked two questions, neither of which concerned a second charge. Second, the court did not reveal the nature of the charge, and the jury had little basis for speculation as to what the second charge might involve. The nature of the court's inadvertent statement did not even make it clear that a second charge had been filed. Third, while defendant declined the court's offer of a special cautionary instruction, the jury was generally instructed that it was to consider only the evidence introduced at trial and that it was not, among other things, to be governed by conjecture. Under these circumstances, the court's inadvertent statement did not entitle defendant to a new trial.

## III

■ Defendant argues that he was improperly sentenced to a separate and con-

---

**5.** *Id.* at 881 (footnote omitted).

**6.** *See State v. Bishop,* 753 P.2d 439, 477 (Utah 1988); *State v. Banner,* 717 P.2d 1325, 1335 (Utah 1986).

secutive term of five years to life for being a habitual criminal in violation of Utah statute[7] and double jeopardy provisions of the federal and Utah constitutions.[8] We agree.

Utah's habitual criminal statute does not create a new crime, but rather enhances punishment for the latest substantive offense.[9] As we recently noted in *State v. Stilling,* "Since no crime exists, there can be no sentence. Assigning a separate sentence for recidivism does more than enhance punishment for the latest crime, it penalizes an individual for past convictions."[10] In *Stilling,* we held that the sentence for being a habitual criminal should be merged with the sentence for the underlying substantive offense to create one enhanced sentence.[11] That result is also appropriate in this case. Defendant should receive one enhanced sentence of five years to life for second degree burglary and for being a habitual criminal.

We vacate the sentences and remand to the trial court for resentencing consistent with this opinion.

HOWE, ASSOCIATE C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, Justice, concurs in the result.

---

**7.** Utah Code Ann. § 76–8–1001 (1978).

**8.** U.S. Const. amends. V, XIV; Utah Const. art. I, § 12.

**9.** *See State v. Stilling,* 770 P.2d 137 (Utah 1989).

**10.** *Id.*

**11.** *Id.; see also State v. Nielson,* 25 Utah 2d 11, 12–13, 474 P.2d 725, 726 (1970) (trial court instructed to merge habitual criminal sentence of not less than fifteen years with arson sentence of one to ten years to create one enhanced sentence of not less than fifteen years).