[No. F012666. Fifth Dist. June 12, 1990.]

In re JESSE L., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JESSE L., Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

■■■■■■■■■■■■■■■■■■

**COUNSEL**

R. Charles Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Michael J. Weinberger and Janine Busch, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MARTIN, Acting P. J.**—On May 9, 1989, a petition was filed in the Fresno County Superior Court alleging appellant, Jesse L., a minor, came within Welfare and Institutions Code section 602 in that the minor had committed two acts which, if committed by an adult, would constitute felonies. It was alleged in count I that on or about May 3, 1989, appellant committed arson by the burning of a structure known as Roosevelt High School in violation of Penal Code section 451, subdivision (c),[1] causing in excess of $100,000 in damage as provided in section 12022.6, subdivision (b). Count II alleged appellant had participated in a criminal street gang on that date in violation of section 186.22.

At the detention hearing the juvenile court found that a prima facie case had been made and ordered a further hearing.

On June 7, 1989, the adjudication hearing commenced at which time the prosecution's motion to dismiss count II was granted. On June 12, 1989, the juvenile court found the remaining allegations of the petition to be true.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

On July 10, 1989, appellant was adjudged a ward of the court and committed to the California Youth Authority (CYA). The maximum sentence, if sentenced as an adult, was determined to be eight years. Appellant filed a timely notice of appeal.

## FACTS

On Wednesday, May 3, 1989, at approximately 3:45 a.m., the fire alarm at Roosevelt High School in Fresno was activated. Firefighters were in the process of extinguishing the two-alarm fire, which involved the administration building, when John Salveson arrived to investigate for the fire department. He later testified that entry into the administration building had been obtained by breaking a window next to a door, reaching around, and pressing the panic bar on the locked door, allowing it to open. Appellant's fingerprints and palm prints were found in three different places on the window. Salveson determined that three fires had been ignited, two on the tops of desks and one on the floor, by heaping files and papers, dousing them with a flammable liquid and igniting them.

The assistant principal at Roosevelt High School, Frank M. Hernandez, testified that it had been estimated that the cost of the "equipment and supplies that were destroyed as well as the damages to the structure itself" was approximately $250,000.

Between 7:45 and 8 a.m. on that same day, May 3, 1989, appellant approached a group of students waiting for classes to begin at the school and claimed responsibility for the fire. He also indicated that his brother, a friend by the name of "Snoopy," and a girl by the name of Latitia were involved.

Several of these students testified against appellant. At least one in the group thought appellant was joking.

About an hour and a half after school began, the fire was announced over the loudspeaker, as was a $5,000 reward offer for information leading to the arrest of the arsonist.

### Defense

It was appellant's defense that he had been at his parents' home all night until 7 a.m. Appellant's mother and father testified corroborating appellant's claim that he was at home and claimed he could not get out of the front door without being heard by the parents.

Appellant also contended that the students testifying against him were merely attempting to claim the reward money.

DISCUSSION

## I. SUFFICIENCY OF THE EVIDENCE OF A BURNING WITHIN THE MEANING OF SUBDIVISION (C) OF SECTION 451

■ When the sufficiency of the evidence supporting a criminal conviction is challenged on appeal, "the court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact would find the defendant guilty beyond a reasonable doubt." (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]; see also *People* v. *Samuel* (1981) 29 Cal.3d 489, 505 [174 Cal.Rptr. 684, 629 P.2d 485].)

The question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Jackson* v. *Virginia* (1979) 443 U.S. 307, 318-319 [61 L.Ed.2d 560, 573-574, 99 S.Ct. 2781]; *People* v. *Johnson* (1980) 26 Cal.3d 557, 576 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) The standard of review is the same in cases where the prosecution relies primarily on circumstantial evidence. (*People* v. *Bloyd* (1987) 43 Cal.3d 333, 346 [233 Cal.Rptr. 368, 729 P.2d 802].) This standard of review is equally applicable to proceedings adjudicated pursuant to section 602 of the Welfare and Institutions Code. (*In re Frederick G.* (1979) 96 Cal.App.3d 353, 362-363 [157 Cal.Rptr. 769].)

■ Appellant was charged with violation of subdivision (c) of section 451. Said section provides in pertinent part: "A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of, any structure, forest land or property.

". . . . . . . . . . . . . . . . .

"(c) Arson of a structure or forest land is a felony punishable by imprisonment in the state prison for two, four, or six years. . . .

"(d) Arson of property is a felony punishable by imprisonment in the state prison for 16 months, two, or three years . . . ."

Acknowledging that the evidence supports the burning of *property* in violation of section 451, subdivision (d), appellant claims there was insufficient evidence presented to establish that a structure as required by subdivision (c) was burned. ■ It is well established that the setting of a fire which does not burn the structure itself does not violate this subsection of the statute.

In *People* v. *Haggerty* (1873) 46 Cal. 354, the California Supreme Court stated: "Upon the question of what is a sufficient burning to constitute the crime, Mr. BISHOP states the rule thus: 'The word "burn" enters into the definition of arson at common law; and it occurs in many statutes. It means to consume by fire. If the wood is blackened, but no fibers are wasted, there is no burning; yet the wood need not be in a blaze. And the burning of any part, however small, completes the offense, the same as of the whole. Thus, if the floor of the house is charred in a single place, so as to destroy any of the fibers of the wood, this is a sufficient burning in a case of arson.' (Bishop on Criminal Law, Sec. 325.) There was evidence tending to show that a spot on the floor was charred, so as to destroy the fibers of the wood by the fire set by the defendant; and there was no evidence directly contradicting that fact. To some of the witnesses, it is true, the spot only appeared to be blackened, and not charred. But we cannot say that the verdict was so contrary to the evidence as to justify us in reversing the judgment on that account." (*Id.* at p. 355.)

*People* v. *Simpson* (1875) 50 Cal. 304 also held that evidence of a wooden partition inside a building, and annexed to it, charred by fire and burned through in one place, was sufficient evidence of burning to constitute arson. (*Id.* at p. 306.)

In *People* v. *Mentzer* (1985) 163 Cal.App.3d 482 [209 Cal.Rptr. 549], the defendant argued that the disintegration of a marble and concrete floor destroyed by heat did not conform to the definition of burning as set forth in *People* v. *Haggerty, supra*, 46 Cal. 354, 355, wherein " 'burn' " means "to consume by fire." Mentzer contended that marble, plaster and concrete cannot be "consumed," therefore, an arson conviction on the facts could not be maintained. The First District Court of Appeal responded that "[a]n item is 'consumed' if it is destroyed or devastated in whole or in part by fire. If the item is ravaged or ruined by the fire, it is 'consumed' though not reduced to ashes." (*People* v. *Mentzer, supra*, 163 Cal.App.3d 482, 484-485.)

■ Almost all of the evidence of the nature and extent of the fire in this case was given by fire investigator John Salveson. He testified he had not observed any direct flame damage on the exterior of the building. Inside the building he observed fire damage on two desk tops, computers, typewrit-

ers, telephones, and other items of property and paper had been damaged by the fire. Plastic light covers had melted and the "formica covered wood" of a counter top had been charred by fire. "[B]urn patterns" were discovered on the floor on the very bottom edge of the counter and on the face of the doors on that wall to the offices.

Appellant contends that the foregoing evidence is insufficient to support a finding that arson of a structure occurred. We must disagree. In our view, Salveson's uncontradicted testimony of "burn patterns" on the floor of the building and the bottom edge of the counter and on the face of the doors was sufficient to establish that an area on the floor and a door were charred so as to destroy the fibers of the wood by the fire set by the appellant. Mr. Salveson's testimony clearly distinguished between smoke damage and these so-called "burn patterns." To illustrate, he used the term "burn pattern" to describe the burning of both the desks and the counter which he specifically testified were charred as opposed to "smoke stains" around the entrance doors.

■ Moreover, Salveson also testified the "plastic covers for the lights had melted and some of them had fallen on the ground, others were hanging from the metal framework that they were originally positioned in." Thus, a further question is presented whether the destruction by fire of a light fixture is sufficient evidence of structural fire damage to support a conviction of arson.

Section 660 of the California Civil Code defines a fixture as "[a] thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs; or embedded in it, as in the case of walls; or permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws. . . ." Thus, a fixture is a thing, originally personal property, but later affixed or annexed to realty, so that it is considered real property. (4 Witkin, Summary of Cal. Law (9th ed. 1987) Personal Property, § 70, p. 71.) The respondent invites our attention to an out-of-state case in which the prosecution sufficiently established a "burning" of a county jail within the meaning of arson in the first degree with evidence of "damage to paint and light fixtures" as well as other factors. (*State v. Jones* (W.Va. 1985) 329 S.E.2d 65, 68-69, fn. 6.)

In *State v. Schenk* (1968) 100 N.J. Super. 122 [241 A.2d 267], involving a prosecution for arson, the court found sufficient evidence to support the jury's conclusion that an interior portion of the building had been burned. The defendant emphasized that there was testimony that while fiberglass window curtains, children's books, and parts of an end table and rug were

burned, no part of the actual building itself was burned. However, the court pointed to additional testimony that the floor woodwork was starting to smolder at the base of radiator, and explained that the word "smolder" implied the burning and smoking of combustible materials. Furthermore, the court noted that a police officer testified he found charred debris on top of the radiator and on the floor, that part of the rug was damaged, and that the baseboard and the floor were also damaged.

In *State* v. *Oxendine* (1982) 305 N.C. 126 [286 S.E.2d 546, 28 A.L.R.4th 473], the court held that the evidence was sufficient to support a finding that damage to a dwelling came within the meaning of a requirement that some portion of the building must be burned in order to constitute arson. Explaining that a building is burned when it is charred, the court said that from the testimony of two witnesses that there was fire and smoke coming out of the building, the jury could reasonably infer that the fire inside the house was substantial enough to cause at least some charring of the structure. In addition, a police officer testified that " 'curtains were burned and there were dark or burned patches over the wall; the wallpaper was burned, . . . [s]moke was [present] throughout the house . . . [and] [t]he main house was or had been on fire.' " (286 S.E.2d at p. 548.) The court concluded that this evidence plainly showed that the dwelling itself, and not merely the curtains, had been burned. It pointed out that it was difficult to perceive how dark, burned patches could appear on a wall absent the prior incidence of at least minor charring of that wall's substantive material. The court added that a contention that the presence of burnt wallpaper had no rational tendency to indicate the charring of the building's structure defied good sense and logic, and further reasoned that wallpaper affixed to an interior wall is unquestionably a part of the dwelling's framework. (*State* v. *Oxendine, supra,* 286 S.E.2d at pp. 548-549.)

In *State* v. *Nielson* (1970) 25 Utah 2d 11 [474 P.2d 725], the court held that acoustical tile is an integral part of a building within the rule that a charring of a part of the building is all that is required to constitute a burning sufficient for the crime of arson. (474 P.2d at p. 726.)

Our Civil Code, in accordance with real property principles, supports, as do the out-of-state cases cited herein, the conclusion that a fixture, i.e., personal property affixed to the realty so that it becomes an integral part of the structure, becomes part of the structure to the extent that a burning or charring or destruction by fire is all that is required to constitute a burning sufficient to support a conviction of arson under section 451, subdivision (c). Thus, we conclude that the evidence of "burn patterns" which indicates at least minor charring of the structure together with the damage to the light fixtures is ample evidence of a violation of section 451, subdivision (c).

## II. SUFFICIENCY OF THE COURT'S FINDINGS TO JUSTIFY MINOR'S REMOVAL FROM THE CUSTODY OF HIS PARENTS*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The order of the juvenile court is affirmed.

Best, J., and Ardaiz, J., concurred.

---

* See footnote, *ante*, page 161.