[No. B070824. Second Dist., Div. Seven. May 19, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
ONDREA M. LEE, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

†Pursuant to California Rules of Court, rule 976.1, this opinion is certified for partial publication. The portions to be published are: the introduction, Facts and Proceedings Below, part III and the Disposition.

**COUNSEL**

Mary G. Swift, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Kenneth C. Byrne and Arthur H. Auerbach, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—Appellant, Ondrea M. Lee, appeals from a judgment of conviction of criminal offenses. She contends there was insufficient evidence to support the finding she was competent during the preliminary examination and therefore testimony from that hearing should not have been

introduced at trial. She further argues counsel was ineffective for failing to declare a doubt as to her competence at the preliminary hearing. She also contends there was insufficient evidence to support the convictions for attempted murder and arson of an inhabited structure. Finally, appellant contends she was entitled to additional presentence credits and the trial court should have stayed the sentence imposed on the arson conviction under Penal Code section 654.[1] We affirm.

## FACTS AND PROCEEDINGS BELOW

At the time of the offenses in this case appellant was homeless and lived on the streets near her aunt's house in the City of Inglewood. Appellant often went to her aunt's house to have meals, take showers and wash her clothes.

In the morning of May 3, 1991, appellant and her aunt had a quarrel. Appellant was expecting a package and wanted to use her aunt's house as the mailing address. Apparently, her aunt was not receptive to the idea. Appellant became angry. She cursed at her aunt and threatened her. Appellant left but returned later that day to again yell and curse at her aunt.

Appellant returned to her aunt's house sometime between 8:30 p.m. and 9 p.m. She threw a brick and a chunk of concrete through the front window of her aunt's house. Appellant then threw a fire bomb through the broken window. The curtains, which were closed over the window, immediately caught fire.

A neighbor who lived across the street witnessed appellant's actions. As soon as he saw appellant throw the lighted fire bomb he ran across the street and tried to put the fire out. He entered the house through the now broken window. He tore the burning curtains down and tossed them out of the window and onto the front lawn. He also threw the burning fire bomb outside. There were several fires in the carpet which he put out by stomping out the flames with his feet. Appellant's aunt was unharmed.

Appellant returned sometime after the fire trucks arrived. Witnesses identified her as the perpetrator and she was arrested at the scene.

Appellant was charged with the attempted murder of her aunt in count I. (§§ 664/187, subd. (a).) In count II appellant was charged with arson of an inhabited structure. (§ 451, subd. (b).) A jury found appellant guilty as charged. The trial court sentenced appellant to the midterm of seven years for the attempted murder and to the mid-term of five years on the arson conviction. The court ordered the sentences to run concurrently.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III. *Substantial Evidence Supports the Conviction for Arson of an Inhabited Structure.*

The fire inspector testified the wood frame surrounding the picture window where the curtains burned was not charred. He also testified the fires on the floor burned through the carpet and through the carpet padding under the carpet. He testified he could see the wood flooring beneath the burn holes but stated it did not appear charred. ■■■ For this reason appellant contends there is insufficient evidence to support her conviction for arson of an inhabited structure because there was no evidence any part of the wood structure was burned or charred by the fire.

Section 451 provides: "A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned . . . any structure. . . ." Subdivision (b) of this section provides arson of an inhabited structure is a felony punishable by three, five or eight years in state prison.

■■■ The nature of the burning requirement was defined over a century ago in *People* v. *Haggerty* (1873) 46 Cal. 354: "If the wood is blackened, but no fibers are wasted, there is no burning; yet the wood need not be in a blaze. And the burning of any part, however small, completes the offense, the same as of the whole. Thus, if the floor of the house is charred in a single place, so as to destroy any of the fibers of the wood, this is a sufficient burning in a case of arson." (*Id.* at p. 355; see also 2 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Crimes Against Property, § 676, p. 759.) This definition of structural damage has since been expanded to include items and materials beyond wood construction. Thus, in *People* v. *Mentzer* (1985) 163 Cal.App.3d 482 [209 Cal.Rptr. 549], the defendant was convicted of arson of a cemetery mausoleum on evidence the fire caused buckling, cracking and chipping of the marble floor and plaster walls of the mausoleum.

Both sides agree the decision most analogous to the case at bar is *In re Jesse L.* (1990) 221 Cal.App.3d 161 [270 Cal.Rptr. 389]. In that case the defendant set several fires in the administration building of a high school. An issue on appeal was whether the destruction by fire of a light fixture is sufficient evidence of structural fire damage to support a conviction of arson of a structure. The court analyzed Civil Code section 660 which defines a

---

*See footnote, *ante*, page 1773.

fixture, inter alia, as a thing permanently attached to a building by means of "cement, plaster, nails, bolts or screws." The court concluded "a fixture is a thing, originally personal property, but later affixed or annexed to realty, so that it is considered real property. (4 Witkin, Summary of Cal. Law (9th ed. 1987) Personal Property, § 70, p. 71.)" (221 Cal.App.3d at p. 167.)

Although there were no California cases on point, the court noted decisions from other jurisdictions upheld arson convictions where a fixture was either burned or charred. (*State* v. *Jones* (1985) 174 W.Va. 700 [329 S.E.2d 65] [paint and light fixture burned]; *State* v. *Schenk* (1968) 100 N.J.Super. 122 [241 A.2d 267] [rug, baseboard and floor had smoldered]; *State* v. *Nielson* (1970) 25 Utah 2d 11 [474 P.2d 725] [burned acoustical tile integral part of building]; *State* v. *Oxendine* (1982) 305 N.C. 126 [286 S.E.2d 546, 28 A.L.R.4th 473] [wallpaper affixed to interior wall burned].)

Based on Civil Code section 660 and the decisions from other jurisdictions, the court held "a fixture, i.e., personal property affixed to the realty so that it becomes an integral part of the structure, becomes part of the structure to the extent that a burning or charring or destruction by fire is all that is required to constitute a burning sufficient to support a conviction of arson [of a structure]." (221 Cal.App.3d at p. 168.) The court concluded evidence of burn patterns indicating at least minor charring, together with damage to the light fixture was ample evidence to support the conviction of arson of a structure. (*Ibid.*)

Our Supreme Court has stated the definition of a fixture in Civil Code section 660 sometimes proves inadequate. In *M.P. Moller, Inc.* v. *Wilson* (1936) 8 Cal.2d 31 [63 P.2d 818] the court noted some decisions modified the definition of a fixture to include personal property which was so heavy, retention in place by gravity alone was sufficient evidence of permanency to find the property was annexed to the structure. (8 Cal.2d at p. 37.) Thus the court reasoned whether the personal property is physically affixed by one of the methods outlined in Civil Code section 660 should only be one of the criteria in determining whether property has been annexed to the real property. (8 Cal.2d at pp. 37-38.)

The court devised a test to determine whether a certain item of personal property is a fixture: "It must also appear from the nature of the chattel that if used for the purpose for which it was designed it would naturally and necessarily be annexed to and become a permanent and integral part of some realty; in other words, that it would become essential to the ordinary and convenient use of the property to which it was annexed." (8 Cal.2d at p. 38.) The court concluded whether personal property had lost its character as

personalty and had become a fixture in a given case was a question of fact to be determined from the evidence. (*Ibid.*; compare *Larkin* v. *Cowert* (1968) 263 Cal.App.2d 27 [69 Cal.Rptr. 290] [drapes and wall-to-wall carpeting were integral part of structure where such amenities were necessary to maintain occupancy of the apartments]; with *Plough* v. *Petersen* (1956) 140 Cal.App.2d 595 [295 P.2d 549, 55 A.L.R.2d 1042] [wall-to-wall carpeting retained character of personalty where carpet was purchased on uncompleted conditional sales contract, was subject to a mortgage and was specially installed to make it easily removable].)

In this case the issue whether the wall-to-wall carpeting had lost its character of personalty and became an integral part of the structure was a question of fact for the jury. The court instructed the jury on the burning requirement or arson based on the *Haggerty* decision and on the definition of fixtures used in *In re Jesse L.* The jury had the option of finding the lesser offense of attempted arson of an inhabited structure but convicted appellant of the completed offense.

We cannot say the jury's finding is contrary to the evidence. The evidence established there were several burn holes in the living room carpet. The fire burned through the carpet and the carpet pad to the wood flooring beneath before the neighbor was able to stomp out the flames.

The fire inspector testified the carpet was not a throw rug, but wall-to-wall carpeting which was installed throughout the house. Wall-to-wall carpeting is often attached to the floor by using wood strips with tacks, nails or screws. In some instances the carpeting is additionally affixed to the floor with glue. Moreover, wall-to-wall carpeting is customized for a particular place and cut to fit only that area. When "used for the purpose for which it was designed" the carpet could become a permanent and integral part of the realty. (*M.P. Moller, Inc.* v. *Wilson, supra*, 8 Cal.2d at p. 38.) Thus, like wallpaper, or other securely fastened and customized personal property, wall-to-wall carpeting often becomes an integral part of the structure.

Consequently, the jury could reasonably find the carpet in this case was a fixture, i.e., originally personal property which was affixed to the real property so securely and permanently it became an integral part of the structure. Accordingly, evidence the wall-to-wall carpeting in this case was burned by the fire is ample evidence of arson of an inhabited structure to support the conviction under section 451, subdivision (b).

## IV., V.*

· · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

## DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Woods (Fred), J., concurred.

Appellant's petition for review by the Suprme Court was denied August 24, 1994.

---

*See footnote, *ante*, page 1773.