Filed 5/1/23  P. v. Goubert CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C096027 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CR002176) |
| v. | |
| FRANKLIN ALAN GOUBERT, | |
| Defendant and Appellant. | |

Following a bench trial, the trial court found defendant Franklin Alan Goubert guilty of two counts of arson of property and one count of arson of forest land. Defendant appeals, arguing there is insufficient evidence to prove the corpus delicti for two of the counts and insufficient evidence to satisfy the burn element of arson for one of the counts.  We conclude there was substantial evidence to support the trial court's findings and thus affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The prosecution charged defendant with four counts of arson of property and one count of arson of forest land based on five separate fires.

The first fire occurred behind a grocery store on July 7, 2020, at approximately 2:00 a.m. The fire occurred near homeless encampments, and it burned the interior of a recreational vehicle and less than one acre of vegetation consisting mostly of grass. Chief Ray Barber of the Red Bluff Fire Department (the fire department) saw defendant at the scene observing the fire.

The second fire, which occurred at approximately 12:00 a.m. on August 30, 2020, was a small vegetation fire in an empty field near train tracks. The fire burned a shopping cart and a pile of vegetation. Captain Matthew Shobash of the fire department excluded potential causes of the fire—including cooking items, children, smoking material, natural causes, equipment failure, and train malfunction—and expressed the opinion that someone lit the fire. Defendant reported the fire, and Captain Shobash saw defendant near the fire.

The third fire, located behind a restaurant, occurred on December 10, 2020 (the restaurant fire). The fire burned a pile of items comprised of garbage, vegetation, and sticks. Captain Shobash saw defendant at the scene of the fire, and defendant admitted he "started the fire to clean up the area."

On May 3, 2021, the fire department responded to the fourth fire, located inside a drainpipe within a creek bed (the drainpipe fire). Chief Barber testified the pipe was not "actually" damaged, but described approximately two feet of "heavy charring" on the inside of the pipe and stated the fire burned the inside of the pipe. He also expressed the opinion that someone built the fire by stuffing brush and twigs into the pipe, and then lit the materials on fire. Defendant's camp—where he was living at the time—was only a few feet away from the drainpipe, and the fire department described the fire as an "outside open fire for warming or cooking." Chief Barber visited defendant's camp later

2

that day, and defendant stated he did not know about the fire. At a later interview with Chief Barber and Detective Sean Baxter, defendant admitted he started the fire.

The final fire occurred near a railroad at approximately 3:00 a.m. on July 13, 2021, and burned grass, brush, and vegetation. Chief Barber saw defendant being escorted away from the fire while holding a hoe and a rake. Homeless encampments were nearby, including defendant's camp, and after eliminating electrical and lightening causes, the fire department determined a "hot start of some sort" caused the fire. Defendant initially maintained he did not start the fire, but ultimately admitted to starting it.

At trial, Chief Barber testified it is uncommon to see the average citizen at multiple fires, and Captain Shobash testified it is uncommon to see someone at multiple fires unless they are affiliated with the fire department. The trial court also heard testimony that defendant admitted to starting multiple fires. Defendant told Detective Baxter he set fires for a purpose, either to clean up brush, improve the area, or for some other purpose. Defendant also told Detective Baxter he normally used a lighter to start fires, and he believed "he had above average knowledge of fire."

The trial court found defendant guilty of two counts of arson of property, pertaining to the restaurant and drainpipe fires, and one count of arson of forest land, pertaining to the fire that occurred on July 13, 2021. The court sentenced defendant to the midterm of four years for arson of forest land as the principal term and one-third the midterm for each arson of property conviction, for a total of five years four months in prison to be served consecutively.

Defendant appeals.

## DISCUSSION

Defendant makes two assertions on appeal: (1) there is insufficient evidence to prove the corpus delicti of the restaurant fire and the drainpipe fire; and (2) there is

3

insufficient evidence to satisfy the burn element of arson as to the drainpipe fire. We find no merit in these arguments.

"When the sufficiency of the evidence supporting a criminal conviction is challenged on appeal, 'the court must review the whole record in the light most favorable to the judgment below.' " (*In re Jesse L.* (1990) 221 Cal.App.3d 161, 165.) In doing so, " 'we must presume in support of the judgment the existence of every fact that the trier of fact could reasonably have deduced from the evidence. [Citation.] Thus, if the circumstances reasonably justify the trier of fact's findings, . . . that the circumstances might also reasonably be reconciled with a contrary finding does not warrant reversal.' " (*In re V.V.* (2011) 51 Cal.4th 1020, 1026.) We cannot set aside a judgment of conviction unless it " 'clearly appear[s] that upon no hypothesis whatever is there sufficient evidence to support it.' " (*People v. Flores* (2016) 2 Cal.App.5th 855, 871.)

I

*Corpus Delicti Of Arson*

Under the corpus delicti rule, the prosecution must prove "the corpus delicti of a crime . . . independently from an accused's extrajudicial admissions." (*People v. Jennings* (1991) 53 Cal.3d 334, 364.) "The corpus delicti consists of two elements: (1) the injury or loss or harm; and (2) a criminal agency causing the harm." (*People v. Ott* (1978) 84 Cal.App.3d 118, 130.) Criminal agency requires proof that a human being's intentional act caused the injury or harm. (*Id.* at pp. 130-131.) Circumstantial evidence may provide the requisite proof, and the prosecution need not prove the corpus delicti beyond a reasonable doubt. (*People v. Wright* (1990) 52 Cal.3d 367, 404.) Rather, " 'a slight or prima facie showing' permitting an inference of injury, loss, or harm from a criminal agency" is enough. (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1181.)

When a defendant is charged with arson, "[a]ll that is needed to establish the corpus delicti, in addition to the actual burning, is that the fire was intentional or of incendiary origin." (*People v. Clagg* (1961) 197 Cal.App.2d 209, 212.) In this context,

4

incendiary origin means the fire was deliberate and intentional, not accidental or unintentional. (*People v. Andrews* (1965) 234 Cal.App.2d 69, 75 (*Andrews II*).) Circumstantial evidence such as the defendant's proximity to the fire, the time and method of the fire, and other "circumstances snapping the long arm of coincidence" may also establish the corpus delicti. (*People v. Andrews* (1963) 222 Cal.App.2d 242, 245 (*Andrews I*).) However, evidence that property is destroyed by fire alone is insufficient to establish the corpus delicti. (*People v. Simonsen* (1895) 107 Cal. 345, 347.)

A

*There Is Sufficient Evidence To Establish*

*The Corpus Delicti Of The Restaurant Fire*

Defendant contends the prosecution did not establish the corpus delicti of the restaurant fire because there was "no testimony regarding how the fire actually started" and no determination "that a person had started the fire." Defendant points to no authority requiring specific testimony as to the cause of a fire to support a finding of the corpus delicti in an arson case. To the contrary, evidence which establishes " '[a] slight or prima facie showing, permitting the reasonable inference that a crime was committed, is sufficient.' " (*People v. Wright*, *supra*, 52 Cal.3d at p. 404.) That is the case here.

In arson cases, it is common for the defendant to place items in a pile and light the pile on fire. (See, e.g., *People v. Atkins* (2001) 25 Cal.4th 76, 80 [the defendant placed weeds in a small pile, "poured 'chainsaw mix' on the pile . . . and lit the pile of weeds with a disposable lighter"]; *People v. Torres* (2019) 39 Cal.App.5th 849, 854 [the defendant set fire to a "pile of furniture, clothing, and household goods"]; *People v. Jones* (2009) 178 Cal.App.4th 853, 858 [the defendant was previously "convict[ed] for arson after setting fire to a pile of 'girlie books' "]; *In re Stonewall F.* (1989) 208 Cal.App.3d 1054, 1058 [minors "made a pile of leaves and grass . . . and set it afire"]; *People v. Wolfeart* (1950) 98 Cal.App.2d 653, 654 [the defendant set fire to a pile of trash].) Here, the fact that the garbage, vegetation, and sticks that caught fire were placed in a small pile

5

permits a reasonable inference that someone created the pile and ignited it, thus establishing criminal agency.

More importantly, the fire department saw defendant at the scene of the fire, and the restaurant fire shared commonalities with the other fires. We may consider the evidence presented regarding the other fires to determine whether the corpus delicti of the restaurant fire was established because " '[t]he coincidence of a series of fires tends to rebut the possibility that the one in question was the result of an accident.' " (*Andrews I*, *supra*, 222 Cal.App.2d at p. 246.)

The trial court heard testimony that the fire department saw defendant at four out of the five suspicious fires, and that seeing someone at multiple fires is unusual. The fifth suspicious fire further occurred near the camp where defendant was living. The five fires occurred over a one-year span; the fires were relatively small; two occurred near a railroad; at least three occurred in the middle of the night; four were near homeless encampments; and all five fires involved the burning of vegetation. There was further testimony that three of the fires were deliberately set and were not accidental or unintentional. Based on defendant's unusual presence at the restaurant fire (and the other fires), and the similarities between the restaurant fire and the other fires, it is reasonable to infer someone started the restaurant fire, and it was defendant who did so. (See *Andrews I*, *supra*, 222 Cal.App.2d at pp. 245-246 [finding sufficient evidence to establish the corpus delicti of arson when "[f]our fires within the same neighborhood, close in point of date . . . , closer in point of time of day . . . , all started by an apparently similar method, cumulate[d] to give to [the] circumstantial proof much more than prima facie veracity"].)

The circumstantial evidence in this case "snapp[ed] the long arm of coincidence" and established the corpus delicti for the restaurant fire. (*Andrews I*, *supra*, 222 Cal.App.2d at p. 245.)

6

## B

*There Is Sufficient Evidence To Establish*

*The Corpus Delicti Of The Drainpipe Fire*

Defendant also contends the prosecution did not establish the corpus delicti of the drainpipe fire because there was no testimony "that a person put the branches and twigs in the drain pipe." Defendant misrepresents the record in this regard. Chief Barber testified the fire "had been built at the end of the pipe[,]" and "brush and twigs . . . had been stuffed in [the pipe] and lit on fire." The only reasonable inference to be gleaned from this testimony is that a person built the fire by placing brush and twigs in the drainpipe, and then started the fire. Moreover, the fact that the fire department described the drainpipe fire as an "outside open fire for warming or cooking" leads to a reasonable inference that a human ignited the fire, either to keep warm or to cook, supporting a finding that the prosecution established the corpus delicti.

Defendant further asserts, "Nothing . . . rules out the possibility that the drain pipe . . . might get clogged with brush and twigs naturally and without human intervention." The problem with defendant's argument is that the corpus delicti rule does not require the prosecution to consider every possible cause of a fire and then rule out each possibility in turn. (*Andrews II*, *supra*, 234 Cal.App.2d at p. 76.) Indeed, the corpus delicti of a crime may be satisfied if evidence " 'creates a reasonable inference that the [harm] could have been caused by criminal agency [citation], even in the presence of an equally plausible noncriminal explanation of the event.' " (*People v. Ochoa* (1998) 19 Cal.4th 353, 405.)

Based on the evidence presented, we conclude there is sufficient evidence to establish the corpus delicti of the drainpipe fire.

II

*There Is Sufficient Evidence To Satisfy The Burn Element Of Arson*

*With Regard To The Drainpipe Fire*

Defendant contends there is insufficient evidence "to satisfy the burn element of arson" with regard to the drainpipe fire because the fire charred the pipe but did not burn it. We disagree.

Under a sufficiency of the evidence standard of review, our role is " 'to determine whether [the record] discloses substantial evidence -- that is, evidence which is reasonable, credible, and of solid value -- such that a reasonable trier of fact would find the defendant guilty beyond a reasonable doubt.' " (*In re Jesse L.*, *supra*, 221 Cal.App.3d at p. 165.) To be guilty of arson under Penal Code[1] section 451, a person must "willfully and maliciously set[] fire to or burn[] or cause[] to be burned . . . any structure, forest land, or property." (§ 451.) "[T]he setting of a fire which does not burn the structure itself" does not constitute arson. (*In re Jesse L.*, at p. 166.) To burn means to consume or destroy by fire all or part of something, however small. (*People v. Haggerty* (1873) 46 Cal. 354, 355.)

Defendant acknowledges that Chief Barber testified the inside of the drainpipe "was charred and burned" and described approximately two feet of "heavy charring" on the pipe. Defendant, however, cites *Haggerty* to support his assertion that "wood can be blackened but still not considered to be burned for the purposes of an arson prosecution." (Citing *People v. Haggerty*, *supra*, 46 Cal. at p. 355.) In defendant's view, the drainpipe

---

[1]     Undesignated section references are to the Penal Code.

thus could be blackened but not burned within the meaning of section 451.[2] *Haggerty* does not assist defendant; it instead supports a finding of sufficient evidence.

In *Haggerty*, our Supreme Court held the evidence established the burn element of arson based on charring of a wooden floor, even though "[t]o some of the witnesses . . . the spot only appeared to be blackened, and not charred." (*People v. Haggerty*, *supra*, 46 Cal. at p. 355.) Here, the evidence established the pipe "was charred and burnt"; the evidence did not establish that the drainpipe was merely blackened. Thus, under *Haggerty*, there was sufficient evidence to establish burning within the meaning of section 451. (*Haggerty*, at p. 355.)

Defendant also relies on *Mentzer* to assert the damage to the drainpipe does not rise to the level of the damage in that case—where the marble floor was buckling, cracking, and chipping—and on that basis contends there was no actual damage to the drainpipe. (*People v. Mentzer* (1985) 163 Cal.App.3d 482, 484.) Defendant's reliance on *Mentzer* is misplaced. *Mentzer* does not stand for the proposition that marble and other similar materials, such as cement, must be "broken, buckled, and cracked from the heat" to establish the burn element of arson; it merely held the facts in *that case* were sufficient to establish the burn element of arson. (*Ibid*.)

Based on the evidence presented, we conclude there is sufficient evidence to satisfy the burn element of arson in the drainpipe fire.

---

[2]     In his opening brief, defendant mistakenly asserts the drainpipe was metal and argues metal can be blackened but not burned. In his reply brief, defendant acknowledges the drainpipe was concrete but contends this fact does not change the substance of his argument.

9

## DISPOSITION

The judgment is affirmed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
HULL, J.

/s/
EARL, J.

10